Missouri, Kansas & Texas Railway Company of Texas v. H. J. Mitchell.

Decided November 22, 1905.

**Injury to Person—Examination by Physicians.**

Though plaintiff can not be required to submit to an examination of his person by physicians, his unwillingness to submit to such an examination when he claims injuries not perceptible to ordinary observation is a circumstance which the jury may consider, and it was error to exclude a question as to whether he was willing that it be had.

Appeal from the District Court of Bell County. Tried below before Hon Jno. M. Furman.

*T. S. Miller* and *Geo. W. Tyler,* for appellant.—Defendant had a right to propound the question and to have it answered by plaintiff and if answered affirmatively defendant might have had the plaintiff examined by a physician or physicians appointed by the court or agreed upon by counsel for both parties. If answered in the negative the answer would have gone to the jury, with any explanation or reasons therefor and as affecting the weight of plaintiff's testimony, and defendant had a right to the same. Austin & N. W. Ry. Co. v. Cluck, 97 Texas, 172; Houston Electric Co. v. Lawson, 11 Texas Ct. Rep., 301; Union Pacific Ry. Co. v. Botsford, 141 U. S., 255.

*Jas. P. Kinnard* and *McMahon & Curtis,* for appellee.—The question asked was not a proposition which upon its acceptance by appellee would have been binding upon appellant. It was not an offer for agreement nor request to have an examination made, but was in the nature of a banter to the witness, and the question did not tend toward the proof of any fact material to any issue in the case. Austin & N. W. Ry. Co. v. Cluck, 97 Texas, 172; Gulf, C. & S. F. Ry. Co. v. Pendery, 14

Texas Civ. App., 66; Dallas C. E. St. Ry. Co. v. Rutherford, 9 Texas Ct. Rep., 239; Southern Bell Tel. Co. v. Lynch, 95 Ga., 529.

KEY, ASSOCIATE JUSTICE.—From a judgment in favor of the plaintiff in a personal injury damage suit, the defendant has appealed.

The first assignment of error in appellant's brief relates to a ruling of the trial court in excluding certain testimony. The plaintiff testified in his own behalf, his testimony tending to show that he had sustained serious injuries, as a result of the matters complained of in his petition, some of which injuries were internal and not perceptible to ordinary observation. On cross-examination appellant's counsel propounded to him this question: "Are you now willing to be examined physically, touching the injuries you now claim to have, by a physician or physicians to be appointed by the court or to be agreed upon by counsel for both sides of this case?" This question was objected to upon the ground (1) that appellee had twice been examined at the instance of appellant; (2) that it was a matter entirely in the hands of his counsel; (3) that the question was immaterial, and (4) that no motion had been filed asking that appellee be required to submit to another examination.

These objections were sustained and a bill of exception reserved. The record indicates that this occurred two or three days before the case was submitted to the jury. In Railway v. Cluck, 97 Texas, 172, though it was held that the courts of this State have no power to compel litigants to submit to a physical examination, the Supreme Court ruled that when a plaintiff suing for personal injuries rejects a proposition submitted by the defendant to have such an examination made by physicians agreed upon or appointed by the court, the defendant was entitled at the trial to prove such rejection or refusal by the plaintiff. It was there held that the fact of such refusal was a pertinent circumstance to be considered by the jury in determining the weight to be given to the plaintiff's testimony, and the court, among other things, said: "If the jury should believe that the refusal showed a purpose to conceal the truth, they might take the fact into account in weighing the evidence. If a satisfactory reason should be given for the refusal, and other evidence were sufficient, the refusal would not defeat a recovery."

Accepting that decision as the law in this State, we hold that the trial court erred in the ruling under consideration. If no objection had been interposed to the question, and the plaintiff had stated that he was unwilling to submit to such examination, and had assigned some of the reasons which were interposed as objections to the testimony, such reasons might have had weight with the jury; but they furnished no excuse for excluding the testimony from the jury. The fact that no motion was filed asking for such examination, or that the refusal had not occurred before the case went to trial, affords no ground, in our opinion, for distinguishing this from the Cluck case. The record indicates that there was ample time in which to make such examination; but, regardless of the question of time, according to the doctrine of the Cluck case, the defendant had the right to show that the plaintiff was unwilling to submit to an examination by physicians not selected exclusively by himself. If it be conceded that it may be shown that such unwillingness existed prior to the time of the trial, it must follow, we think, that

the defendant has the right to show the existence of such unwillingness at the very time that the plaintiff is on the stand describing his injuries to the jury. Of course, in either case, a plaintiff may be able to give an explanation showing that his refusal is not arbitrary or capricious, thereby breaking the force of the point sought to be made against him; but such explanation, however satisfactory, can have no weight in determining the admissibility of the testimony.

Some other questions are presented in appellant's brief, all of which have been considered and are decided against it.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*