### ARTESIAN BELT RY. CO. v. YOUNG.

(Court of Civil Appeals of Texas. San Antonio. April 2, 1913. Rehearing Denied April 16, 1913.)

1. DAMAGES (§ 206*) — PHYSICAL EXAMINATIONS—REFUSAL.

In a personal injury action by a passenger on a railroad, evidence that the passenger's attorney refused to permit a physical examination by a physician representing the railroad is immaterial on the question of plaintiff's good faith; a party not being bound to submit himself to examination of interested or partisan physicians, and his refusal to do so should not be used against him.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 531; Dec. Dig. § 206.*]

2. APPEAL AND ERROR (§ 1058*)—REVIEW—HARMLESS ERROR.

In a personal injury action by a passenger where his counsel refused, in the presence of the jury, to permit a physical examination by three disinterested physicans, the erroneous inadmission of evidence of a previous refusal to submit to a physical examination was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. § 1058.*]

3. APPEAL AND ERROR (§ 732*)—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error complaining, in a general manner, that a new trial was improperly refused because the verdict, in a personal injury action, was grossly excessive and unsupported by the evidence is insufficient to warrant consideration on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3024; Dec. Dig. § 732.*]

Appeal from District Court, Bexar County.

Action by S. J. Young against the Artesian Belt Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Houston, Boyle, Storey & Davis and McFarland & Lewright, all of San Antonio, for appellant. John Sehorn, of San Antonio, for appellee.

TALIAFERRO, J. This suit was brought by S. J. Young, appellee, to recover from appellant, the Artesian Belt Railway Company, damages in the sum of $40,000 for personal injuries alleged to have been suffered by him while a passenger on appellant's road by reason of the wreck or derailment of one of its cars upon which he was riding. Verdict and judgment were for the appellee for $15,500 and costs.

[1] Appellant's first and second assignments of error assail the action of the court in excluding the evidence of appellant's treasurer to the effect that soon after appellee's injury, and long before the trial of the cause, he had approached appellee's at-

torney and requested permission to have appellee subjected to a physical examination by physicians of appellant for the purpose of ascertaining the character and extent of his injuries, with a view to settling the claim. Appellant contends that this ruling of the court was error because such evidence was admissible upon the theory that appellant was entitled to have the fact of appellee's refusal to submit to an examination go to the jury to be considered by them in determining upon the credibility and sufficiency of the testimony upon which he sought to recover. The following cases are cited to support this assignment, and the rule as laid down is, in cases where the facts are in accord, established: Railway v. Cluck, 97 Tex. 172, 77 S. W. 403, 64 L. R. A. 494, 104 Am. St. Rep. 863, 1 Ann. Cas. 261; Railway v. Mitchell, 40 Tex. Civ. App. 633, 90 S. W. 716; King's Conflicting Cases, vol. 3, p. 142; Railway v. Botsford, 141 U. S. 250, 11 Sup. Ct. 1000, 35 L. Ed. 734. See, also, Railway v. Booth, 97 S. W. 128. But this case is not like the cases cited. Appellant's bill of exception, copied into the brief, shows that the evidence excluded by the court would have tended to show that, at a date soon after the accident, an officer of appellant company had seen the appellee's attorney "and proposed to said attorney that he have plaintiff examined by a doctor representing the defendant, and that the said attorney for plaintiff then declined to permit said doctor for the defendant to examine the plaintiff, and stated that he would not require his client to be so examined by a physician of the defendant company." In the Cluck Case and in the Booth Case the proposition was made to the plaintiff that he submit to examination by disinterested physicians, or physicians appointed by the court. No case has yet gone so far as to say that the refusal of a plaintiff in a suit for personal injuries to submit his person to the examination of the defendant's private physician is a pertinent and material fact to go to the jury upon the question of the plaintiff's good faith. The reason, as laid down by the Supreme Court, for the admission of such evidence is sound and salutary. It is based upon the fact that while the party claiming to be injured has the right to submit to a physical examination, or to refuse to do so, as he may prefer, if he does refuse the defendant has the right to have that fact made known to the jury so that they may draw from his action such deductions as they may think proper. But reason and justice do not require that he submit himself to the examination of interested or partisan physicians, nor that his refusal to do so should be used against him on the trial as a circumstance against his good faith.

[2] The record in the present case also shows that upon the trial, while appellee was on the stand, he was asked whether or not he would then agree to submit his person to an examination by a committee of physicians appointed by the court, whose duty would be to ascertain and report his condition. He answered that so far as he was concerned he had no objections to the examination, but that he would be guided by the advice of his attorney. Appellant's leading counsel then, at the conclusion of appellee's evidence, "in open court, in the presence and in the hearing of the jury, asked counsel for appellee to advise or permit the appellee to be examined by a board of three disinterested physicians, to be agreed upon by counsel for both parties." Counsel for appellee then and there refused to permit the appellee to be so examined. Appellant's complaint is that it had not the benefit that the evidence of appellee's refusal to submit to examination would have had upon the jury. It appears to us that no more forceful or impressive way could have been devised to impress upon the minds of the jury that appellant was not willing to rest his cause upon the opinion of outside experts than that adopted by counsel in this case. Instead of the evidence of an employé of appellant, whose statements might have been disputed, they had the personal, visible demonstration before them, than which no evidence could be stronger. Therefore the error of the court in excluding Mr. Howard's evidence upon this point, if error, was harmless. The first and second assignments are overruled.

[3] Appellant's third assignment of error, which attacks the judgment as excessive, is not so presented as to enable this court to give it consideration. It is not sufficient to assign, in a general and abstract manner, that the court erred in not granting a new trial because the verdict of the jury was grossly excessive, unreasonable, and unsupported by the evidence." City v. Devlin, 84 Tex. 319, 19 S. W. 395; Railway v. Matlock, 141 S. W. 1067; Railway v. McVey, 81 S. W. 991; Railway v. Fesmire, 150 S. W. 201; Railway v. Suitor, 153 S. W. 185; Traction Co. v. Emerson, 152 S. W. 468.

The judgment is affirmed.