## ANIZAN v. PAQUETTE.
### No. 10526.

Court of Civil Appeals of Texas. Galveston.
Jan. 13, 1938.

Rehearing Denied Feb. 3, 1938.

197

King, Wood & Morrow and Newton Gresham, all of Houston, for appellant.

Fogle & Holden, of Houston, and Harris & Coltzer and Geo. W. Coltzer, all of Galveston, for appellee.

CODY, Justice.

This is an automobile collision case. It is the same collision that is the subject of litigation in the case of Laborde v. Anizan, Tex.Civ.App., 112 S.W.2d 763, opinion in which is also delivered today. Mrs. Paquette, wife of appellee, was riding as the guest of Mrs. Mary Laborde, on January 15, 1935 when the collision occurred. Just prior to the collision the Laborde car was proceeding north on Houston avenue, and appellant's truck south on the same street in Houston. When the collision occurred, the truck was making a left-hand turn, from Houston avenue into Dart street. The negligence alleged by appellee on the part of appellant's truck driver was failure to keep a proper lookout; failure to go around the

center of the intersection in making his left-hand turn; driving at an excessive rate of speed; failure to hold out his arm to signal his purpose of turning; in obstructing the line of passage of the Laborde car; failure to wait before turning until he could do so without danger of collision; and failure to stop after observing the danger of collision. Appellant's answer was a general denial, and a general plea of contributory negligence. In response to special issues, the jury found: That the accident was not unavoidable. That the truck driver was not driving in excess of 20 miles per hour. That he did not fail to keep a proper look-out. But that he was guilty of negligence which proximately caused the collision, in failing to hold out his arm as a signal, and in attempting to make the turn without first seeing there was sufficient space to make the movement in safety. The jury acquitted Mrs. Paquette of contributory negligence, and found that certain acts of Mrs. Laborde were not the sole proximate cause of the collision, and assessed damages at $1,500.

The appellant has assigned as error: (1) The court's charge to the jury on unavoidable accident; (2) the court's conclusion of a prior statement made by Mrs. Laborde, tendered by appellant for impeachment purposes and as being contrary to her evidence on the trial; (3) improper and prejudicial argument of appellee's counsel to the jury; (4) the action of the trial court, after appellee's counsel had concluded the opening argument to the jury, and after appellant's counsel had waived his right to argue, in allowing appellee's counsel to present further argument.

That portion of the court's charge complained of is the definition in connection with special issue No. 1. The special issue and the definition are as follows:

"Do you find from a preponderance of the evidence that the collision was not the result of an unavoidable accident?

"Instead of answering 'Yes' or 'No' let the form of your answer be 'It was an unavoidable accident' or 'It was not an unavoidable accident'.

"By the term 'unavoidable accident', as used in this issue, is meant a sudden and unexpected happening occurring without fault or negligence on the part of any party connected therewith."

Appellant's exception to the foregoing definition (which had evidently been amended in attempting to comply with some former objection) reads:

"Defendant objects and excepts to the court's definition of 'unavoidable accident' as amended, for the reason that such definition is erroneous and confusing and is not a correct definition of 'unavoidable accident', and, as worded, will lead the jury to believe that the collision in question could not have been an unavoidable accident unless Mrs. Laborde's negligence also failed to have any connection therewith, said definition being erroneous in that respect.

"The term 'any party connected therewith' as used in said definition is uncertain, vague and indefinite and is not properly restricted, and particularly it isn't restricted to defendant, defendant's driver and Mrs. Paquette, and said definition, as used in this charge, does not specifically instruct the jury that 'by any party connected therewith' does not include Mrs. Laborde, and the jury are not specifically instructed that by an unavoidable accident is meant an occurrence happening without the fault of the defendant or his driver or of Mrs. Paquette."

It is conceded by appellant that, in the usual case, where the acts of a third party are not involved or where all the parties connected with the accident are parties to the suit and before the court, the definition of unavoidable accident or the one given by the court in this case is proper. But he contends that in the instant case the evidence raises the issue, and would have supported the finding, that the collision in which Mrs. Paquette received her injuries was not caused either by her own negligence or that of the appellant or his driver, but by the negligence of Mrs. Laborde, who was not a party to the suit, and who was the one that drove the car in which Mrs. Paquette was riding at the time of the collision. In support of this contention, appellant cites Dallas Ry. & Terminal Co. v. Boland, Tex.Civ.App., 53 S.W. 2d 158, 160; Panhandle & S. F. Ry. Co. v. Friend, Tex.Civ.App., 91 S.W. 922; Greer v. Thaman, Tex.Com.App., 55 S.W. 2d 519; and Southern Ice & Utilities Co. v. Richardson, Tex.Com.App., 95 S.W.2d 956.

We refer only to the Boland Case, as this is the case chiefly relied on. There the son of the plaintiff was killed while riding a bicycle by an automobile being driven by the defendant McVey, who was in the act of passing a bus belonging to the other

defendant in the case, the Dallas Railway Company, at the time his automobile collided with plaintiff's son. And·the trial court, in connection with the issue on unavoidable accident, gave this definition:

"In connection with this issue, you are instructed that an unavoidable accident is· an unforeseen and unexpected happening which occurs without negligence on the part of any of the parties involved therein proximately contributing thereto."

On appeal, in passing on error assigned to this definition, the court said:

"Clearly, under the facts in this case, as between McVey and the children riding on the bicycle, the jury could have found that the injury was the result of an unavoidable accident, regardless of whether the operator of the bus was guilty of negligence in using said street or not. While the definition as given by the court is the ordinary and accepted definition of an unavoidable accident, where, as in this case, there was no connection between the bus company and McVey, and appellees had alleged entirely separate and distinct acts of negligence on the part of each, the trial court should have submitted to the jury separately as to each defendant the question as to whether the injury was an unavoidable accident. If, as a matter of fact, the injury was caused by reason of the driver of the bus operating the car without due regard for the safety of other people, the jury might have well decided as to said bus company the injury was not an unavoidable accident, since the driver of the bus could have operated the car so as to give due regard to other people."

■■ The holding in the Boland Case, however, can have no application to the facts of the instant case. It is true that Mrs. Laborde was not a party to this suit, but it is undisputed that it was only through her agency that Mrs. Paquette became involved in the collision. If the car in which she was a mere guest passenger had been found by the jury to have been negligently driven, she might have then brought an action· against Mrs. Laborde (or rather Mr. Laborde), but she could not have recovered against appellant. Expressed in other terms, Mrs. Paquette did not, in an action to recover damages from appellant on· account of injuries received in the collision, occupy a status separate and independent from that of Mrs. Laborde. On the contrary, under the facts in this case, Mrs. Paquette was so much the alter ego of Mrs.

Laborde that, any negligence on her (Mrs. Laborde's) part that could have been proved to have been a proximate cause of the collision, would have defeated any recovery on the part of Mrs.·Paquette. This was clearly recognized by appellant in the special issues he caused to be submitted to the jury, as to whether Mrs. Laborde was driving at an excessive rate of speed, as. to whether she had her car under reasonable and proper control, and as to whether she was keeping a proper lookout, etc. As Mrs. Laborde was so much the alter ego of Mrs. Paquette, as regards the right to recover from appellant damages· in this case, that any negligence on the part of Mrs. Laborde in driving the car, in which 'Mrs. Paquette was a mere passive passenger (whose acts were not involved at all), would have defeated it, it follows that the usual definition of "unavoidable accident" or the one given by the court in this case, was proper. We·do not mean to hold that the issue of unavoidable accident was in the case. But if the court erred in submitting such issue, it was harmless error; and no complaint has been made to such submission.

■ For the purpose of impeachment, appellant offered to prove by Mrs. Maude Oldham that shortly after the accident, Mrs. Laborde, while waiting at the hospital, stated to her that she saw she was going to hit the truck and did not try to stop. But this is not contrary to Mrs. Laborde's testimony at the trial. Her testimony was to the effect that she tried to get out of the way of the truck, and thought if she stopped in its driver's way, she would be hit. It was not error for the court to refuse to admit the tendered evidence.

■ "It is not error to reject testimony, offered to discredit the statements of a witness, by proof, that he has at another time made a different·statement, if the testimony offered, do not show any inconsistency or contradiction in the statements." Hall v. Simmons, 24 Tex. 227.

■ While discussing the issue of damages to the jury, one of appellee's counsel stated that her injuries were severe, and, after discussing the testimony of physicians introduced by appellee concerning their nature, stated, "There has not been a doctor in here to dispute the fact about this testimony." To which remark appellant's counsel objected, and moved that the jury be instructed to disregard it, and moved further that the jury be instructed that the defendant in a suit of this sort has no right

200

to have a medical examination made of a plaintiff. The court overruled the objection, stating that if counsel wished to submit additional written instruction to the jury, that he would consider it when submitted, but declined to charge on a matter of law orally. Now it is, of course, true that plaintiff cannot be compelled to submit to a physical examination in a personal injury action. But a defendant can request of a plaintiff that he submit to a physical examination by disinterested physicians, and the refusal of such a request may be brought before the jury to be considered by them in passing on the credibility of the testimony on which plaintiff seeks to recover. 24 Tex.Jur. 441. Appellant was no doubt entitled, in view of the argument, to have the jury instructed on the law relative to the right of a defendant to refuse a physical examination. The court did not refuse to give such an instruction, but required that the instruction desired by appellant be submitted in writing. Appellant's assignment of error to the court's refusal to instruct the jury is overruled.

After appellee's counsel opened the argument to the jury, consuming an hour, appellant's counsel waived his right to make any argument. Appellee's counsel then requested, and was by the court granted, leave to argue his case to the jury for an additional quarter of an hour. Appellant duly objected, reserved his bill of exception to the court's action, and urges here that such action is reversible error. Appellant's bill of exception discloses that in the opening argument appellee's case was fully opened and presented to the jury. In other words, it does not appear that the additional argument, permitted by the court after appellant refused to exercise his right to address the jury, was used to introduce matter in argument to the jury not touched on in the first argument. Before argument began, the court, in deference to appellant's objection that two hours to a side was too long, limited the argument to an hour and a half to the side. We are clear that the court's action is not violative of rule 36 for district and county courts, reading:

"In all arguments, and especially in arguments on the trial of the case, the counsel opening shall present his whole case as he relies on it, both of law and facts, and shall be heard in the concluding argument only in reply to the counsel on the other side."

This rule obviously does not prohibit an opening argument from being made by two different attorneys for a plaintiff. It does contemplate that, when this opening argument has been answered by defendant's counsel, no additional matter which defendant's counsel will not have an opportunity to answer shall be argued.

But if defendant's counsel, by a surprise move, declines to exercise his right to argue his side of the case to the jury, we do not see how he can justly complain if the court, at the request of plaintiff's counsel, allows plaintiff to augment his opening argument. Matters of this sort, so intimate to the mere conduct of the trial, are so obviously necessarily to be ruled by the trial court's judicial discretion that we will pretermit further discussion. See Collins v. Clark, 30 Tex.Civ.App. 341, 72 S.W. 97; Oden v. Texas & P. Ry. Co., Tex.Civ.App., 9 S.W.2d 367; 41 Tex.Jur. 747.

Judgment affirmed.

Affirmed.

PLEASANTS, C. J., absent.

On Motion for Rehearing.

CODY, Justice.

Appellant's motion for rehearing has been carefully considered. We did not state in our former opinion, we carefully refrained from making any statement, as we thought, that could be justly subject to the construction, that negligence on the part of Mrs. Laborde, the driver of the car in which Mrs. Paquette was riding as a guest passenger, was imputable to Mrs. Paquette. What we meant to make clear was that any negligence on the part of Mrs. Laborde, if the cause of the collision, would have defeated the Paquette suit, not because such negligence was imputable to Mrs. Paquette, but because appellant could not possibly be answerable for injuries caused Mrs. Paquette by acts of negligence, if any, of Mrs. Laborde. Our expression that "Mrs. Laborde was so much the alter ego of Mrs. Paquette, as regards the right to recover from appellant damages," while accurate in itself, was ineptly chosen, no matter how hedged about, because the expression "alter ego" is so frequently used to denote that the responsibility for the acts of one person is by law imputed to the other. This present opinion is to clarify the meaning of our former opinion.

Motion overruled.

PLEASANTS, C. J., absent.