**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**E. L. BAXTER, Appellee.**

No. 7747.

Court of Civil Appeals of Texas.

Texarkana.

July 19, 1966.

Rehearing Denied Aug. 9, 1966.

Howard Waldrop, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellant.

Franklin Jones, Jr., Jones, Jones & Baldwin, Marshall, for appellee.

FANNING, Justice.

A workmen's compensation insurance case. The jury empaneled in the case answered issues favorably to appellee. Judgment was entered for plaintiff-appellee for total and permanent disability benefits less compensation previously paid. Appellant insurance company has appealed.

Appellant presents 7 points on appeal. Appellant's first five points revolve around the question of whether the trial court erred in permitting one of appellee's counsel to make an additional jury argument after appellant's counsel waived argument, with appellant contending that such additional argument was a "closing" argument and with appellee contending that the trial court allowed an additional "opening" argument and did not err in doing so. Appellant's 5th and 6th points complain of remarks of the trial court and attorney Baldwin, in the presence of the jury, after the conclusion of Mr. Baldwin's argument.

Appellant's attorney and appellee's attorneys, with the consent of the trial court, agreed upon 45 minutes argument to each side. Attorney Stevens, one of appellee's attorneys, made an opening argument of approximately 12 minutes. Attorney Waldrop, appellant's attorney, waived argument, and moved that the trial court prohibit further oral argument in the case. The trial court, after listening to various contentions made by the opposing attorneys with respect to this matter, ruled as follows:

"THE COURT: Let the record show that I am going to permit Mr. Baldwin to make an additional argument not to exceed thirty minutes, but he will have no closing argument. When he has completed his opening argument, if Mr. Waldrop wants to use his forty-five minutes, he may. Let the record show that the Court allowed each side forty-five minutes to argue their case; that Mr. Stevens used approximately twelve minutes of the forty-five and Mr. Waldrop none."

Attorney Baldwin, one of appellee's attorneys, then made an oral argument to the jury.

Appellant's attorney did not object to any specific portion of Mr. Baldwin's argument.

After the conclusion of Mr. Baldwin's argument the following remarks were made as shown by the record:

"MR. WALDROP: If the Court please, we stand on our motion heretofore made.

THE COURT: All right, let the record show that the Court offered Mr. Waldrop an opportunity to argue and he refused.

MR. WALDROP: Let the record further reflect that this action is in line with our motions and exceptions heretofore taken by the defendant in this case.

MR. BALDWIN: In other words, Mr. Waldrop does not choose to use his forty-five minutes, as I understand it?

THE COURT: No."

Rule 269(b), Texas Rules of Civil Procedure, provides:

"In all arguments, and especially in arguments on the trial of the case the counsel opening shall present his whole case as he relies on it, both of law and facts, and shall be heard in the concluding argument only in reply to the counsel on the other side."

It is our view that the record in this case clearly shows that the trial court merely allowed attorney Baldwin to make an additional opening argument and that the trial court allowed appellant's attorney an opportunity to reply to Mr. Baldwin's argument, if he chose to do so, and that Mr. Baldwin's argument, under this record, must be considered to be merely an additional "opening" argument and not a "closing" argument. In doing this the trial court did not err. Anizan v. Paquette, Tex.

Civ.App., 113 S.W.2d 196, err. dism.; Texas & P. Ry. Co. v. Scott, 64 Tex. 549.

In Anizan v. Paquette, supra (113 S.W. 2d 196), plaintiff's attorney spent one hour in opening argument, defendant's attorney waived argument, plaintiff's attorney requested an additional 30 minutes to argue, which was granted. Error was assigned as to the trial court's action being violative of Rule 36 for District and County Courts, which is identical to Rule 269(b), T.R.C.P. The court in the Anizan case stated:

"This rule obviously does not prohibit an opening argument from being made by two different attorneys for a plaintiff. It does contemplate that, when this opening argument has been answered by defendant's counsel, no additional matter which defendant's counsel will not have an opportunity to answer shall be argued.

"But if defendant's counsel, by a surprise move, declines to exercise his right to argue his side of the case to the jury, we do not see how he can justly complain if the court, at the request of plaintiff's counsel, allows plaintiff to augment his opening argument. Matters of this sort, so intimate to the mere conduct of the trial, are so obviously necessarily to be ruled by the trial court's judicial discretion that we will pretermit further discussion."

Appellant relies upon Wales Trucking Co. v. Kisener, Tex.Civ.App., 373 S.W.2d 266, no writ. The Wales case is clearly distinguishable as the bill of exceptions approved by the trial court in the Wales case certified that the argument in question there was a "closing argument". Under the record in this case the additional time allowed attorney Baldwin by the trial court to make an argument was for an additional "opening" argument, with appellant being accorded full opportunity to reply thereto.

Appellant's points 1 to 5 do not present error under the record in this case and are overruled.

Appellant has raised no points contending that the evidence was insufficient or that the verdict of the jury was against the great weight and preponderance of the evidence. The verdict is amply supported by sufficient evidence of probative force and is not against the great weight and preponderance of the evidence. It is our view that the matters complained of by appellant in its 5th and 6th points, viewed in the light of the whole record in the cause, were not reasonably calculated to cause and probably did not cause the rendition of an improper judgment in the case, and do not present reversible error. Rule 434, T.R.C.P.; Aultman v. Dallas Ry. & Term. Co., 152 Tex. 509, 260 S.W.2d 596; Goforth v. Alvey, 153 Tex. 449, 271 S.W.2d 404; Whitener v. Traders & General Ins. Co., 155 Tex. 461, 289 S.W.2d 233; St. Louis Southwestern Railway Co. v. Gregory, Tex., 387 S.W.2d 27.

The judgment of the trial court is affirmed.