**Danna Davis JACOBS, Appellant,**

v.

**Cohran L. MAYHUGH et al., Appellees.**

**No. 4547.**

Court of Civil Appeals of Texas.

Waco.

Jan. 26, 1967.

Rehearing Denied Feb. 16, 1967.

Robert W. Hillin, Sam Jones, Waco, for appellant.

Albert Witcher, Waco, for appellees.

## OPINION

WILSON, Justice.

The chief points in this intersectional automobile collision case present questions of no evidence, insufficient evidence, and preponderance of the evidence as to jury findings that appellant failed to keep a proper lookout, and proximate cause. We affirm the judgment, rendered on the findings, that appellant take nothing.

At the outset we doubt that it is possible in any event to sustain these points which require evaluation of all the evidence, or determination of whether there is any evidence, because all the evidence is not be-

fore us. A plat, a drawing and numerous photographs were before the jury which are not made available here. See 3 Tex.Jur.2d, Sec. 411, Appeal and Error, p. 665 and cases cited.

■ The record presented, however, contains adequate evidence of probative force to sustain the findings of failure to keep a proper lookout and of proximate cause. Notwithstanding appellant testified she stopped completely before entering the uncontrolled intersection and looked to her right three times toward the adverse vehicle, she testified she never saw it, although it was there, and notwithstanding there were no exterior physical obstacles to impair her view. There was evidence that although the adverse vehicle left tire skidmarks of 66 feet, appellant's vehicle left none. There was testimony from appellant that she was driving to a washateria with clothes "in a plastic clothes basket, the ones that were in the front, a huge plastic clothes basket"; and there was testimony as to the quantity of these clothes and their location relative to her right window, from which the jury was authorized to deduce that the basket of clothes obstructed her vision to the right. She admitted that after looking to her "right and back" three times, and proceeding at ten miles per hour, she was halfway into the intersection before she saw appellee's car.

Admission of evidence of refusal of a request by appellee to appellant's attorney that appellant submit to "an independent medical examination by an orthopedic surgeon" is the subject of another complaint. Appellee's attorney apparently made a request by letter to appellant's counsel, although the letter is not in evidence. The ground of objection relied on here is not clear. The extent of appellant's testimony quoted in the brief is simply that she did not see, and had not read such a letter; and had not been asked to submit to an examination. There was no evidence admitted such as the point and the assignment in the motion for new trial complained of.

■ Had the evidence suggested by the point been in the record, however, it would not reflect error. In a personal injury action it is ordinarily permissible to show that a party has refused to submit to a physical examination. Austin & N. W. R. Co. v. Cluck, 97 Tex. 172, 77 S.W. 403, 408; 64 L.R.A. 494, 104 Am.St.Rep. 863; Tarver v. Vallance, Tex.Civ.App., 97 S.W.2d 748, 753; Missouri, K. & T. R. Co. of Texas v. Mitchell, 40 Tex.Civ.App. 633, 90 S.W. 716; Anizan v. Paquette, Tex.Civ.App., 113 S.W.2d 196, writ dism.; Texas & N. O. R. Co. v. Broadway, Tex.Civ.App., 345 S.W.2d 814; Gulf, C. & S. F. Ry. Co. v. Booth, Tex.Civ.App., 97 S.W. 128, 130; McCormick & Ray, Texas Law of Evidence, Sec. 104, p. 142; 31A C.J.S. Evidence § 156(1), p. 398; 25A C.J.S. Damages § 174(7), p. 148.

■ The rule is not affected by the fact the request was made to an attorney of record rather than directly to the litigant. 7 Tex.Jur.2d Attorneys at Law, Secs. 53, 38, pp. 105, 78; 7 C.J.S. Attorney and Client §§ 69, 80, pp. 853, 899.

Affirmed.