**Joe C. PHILIPSKI, Ind. and on behalf of his wife, Erika Philipski, Appellants,**

v.

**B. JOHNSON et ux., Appellees.**

**No. 5936.**

Court of Civil Appeals of Texas.

El Paso.

May 22, 1968.

Rehearing Denied June 12, 1968.

Charles Anderson, Weldon S. Copeland, El Paso, for appellants.

Hardie, Grambling, Sims & Galatzan and John A. Grambling, El Paso, for appellees.

CLAYTON, Justice.

The previous opinion written by this court on the 20th day of March, 1968 is hereby withdrawn and the following opinion is substituted therefor.

## OPINION

This is a suit for damages and personal injuries growing out of an automobile collision in El Paso, Texas. The plaintiffs (appellants here) were Joe C. Philipski, individually and on behalf of his wife, Erika Philipski. Defendants (appellees here) were Bill Johnson and his wife, Mary F. Johnson.

According to the testimony, plaintiff Erika Philipski was driving a 1963 Dodge station wagon in a northerly direction on Leo Street, at the point of collision a "through" street, protected by stop signs on the east-west cross-street of Atlas. Defendant Mary Johnson was driving a 1963 Rambler station wagon in a westerly direction on Atlas, approaching its intersection with Leo Street where Atlas was a "stop" street with stop signs erected at the east and west intersection with Leo Street. As Mrs. Philipski approached this intersection she passed some barracks erected on the east side of Leo Street but not all the way to the corner of Atlas, leaving an open space through which Mrs. Philipski could

see defendant's vehicle on Atlas Street, about four houses east of the corner. Mrs. Philipski was traveling about 30 miles per hour, and Mrs. Johnson's car was traveling about 20 miles per hour. A passenger in Mrs. Johnson's car was looking at some papers in her lap and Mrs. Johnson was looking for a street address and was driving slowly as they approached the Leo Street intersection. At this intersection, Atlas Street was 36 feet wide and Leo Street was 40 feet wide, according to the police officer investigating the accident. The defendant proceeded through the stop sign in Atlas Street and struck the right rear of Mrs. Philsipski's car with the front of her car. The traffic officer testified that the point of impact was 18 feet north of south curb of Atlas Street (half way across the intersection), and approximately 9 feet west of the east curb line of Leo Street. (Neither car laid down skid marks.) The defendant testified that she didn't know whether she stopped at the stop sign or not, but it was brought out at the trial that when Mrs. Philipski charged her with "You didn't stop", she testified in her deposition, "Oh, well I guess I didn't, because I didn't realize there was a stop sign there."

The case was tried before a jury on special issues with appropriate definitions, and the jury answered as follows:

(1) That defendant Mary Johnson failed to yield the right of way to plaintiff Erika Philipski;

(2) That this was negligence;

(3) And was a proximate cause of the collision;

(4) That defendant failed to keep a proper look-out;

(5) And this was a proximate cause of the collision; but further found:

(6) That plaintiff failed to keep a proper look-out;

(7) That such failure was a proximate cause of the collision;

(8) That plaintiff was driving at an excessive rate of speed under the circumstances;

(9) That such was a proximate cause of the collision;

(10) That plaintiff did not apply her brakes at a reasonable time under the circumstances;

(11) That this was a proximate cause of the collision;

(12) That plaintiff failed to sound her horn;

(13) That this was negligence;

(14) And a proximate cause of the collision;

(15) That $165.00 would compensate for medical expense and x-rays for plaintiff until the time of the trial;

(16) That the following amounts would compensate the plaintiff for damages suffered as a result of the collision;

(A) That $1,000.00 would compensate plaintiff for pain and suffering to the time of the trial;

(B) That $1,000.00 would compensate plaintiff for pain and suffering in the future;

(C) That $0.00 would compensate plaintiff for decrease of plaintiff in future of ability to earn money.

On this verdict the court entered a "take-nothing" judgment against plaintiffs, who bring this appeal.

Appellants present thirteen points of error: That the trial court erred in granting judgment for appellees since

1. There was no evidence, or insufficient evidence, that appellant Erika Philipski failed to keep a proper lookout which was a proximate cause of the collision;

2. That such findings were so contrary to the overwhelming weight and preponder-

ance of the evidence as to be clearly wrong and unjust;

3. "No evidence" and "insufficient evidence" that appellant drove at an excessive rate of speed and this was a proximate cause of the collision;

4. This finding was contrary to the weight of the evidence, and clearly wrong and unjust;

5. "No evidence" and "insufficient evidence" that appellant failed to apply her brakes and that this was a proximate cause of the collision;

6. This finding was contrary to the weight of the evidence and clearly wrong and unjust;

7. "No evidence" and "insufficient evidence" that appellant was negligent in failing to sound her horn and such was a proximate cause of the collision;

8. The finding was contrary to the weight of the evidence and clearly wrong and unjust.

9. The court erred in overruling appellants' motion in limine to exclude evidence as to appellees' request to have appellant Erika Philipski examined by a doctor of appellees' choice;

10. And in refusing to permit appellants' lawyer to testify as to why he did not allow this.

11. The trial court erred in allowing the jury to believe that plaintiff was required to anticipate that defendant would violate the law and disregard the "stop sign" facing her.

12. The trial court refused to instruct the jury as requested, as follows: "That the driver proceeding on a through street has the right to assume the driver facing a 'stop sign' will stop in obedience thereto."

13. Appellants claim that plaintiff had fulfilled all of her legal duties before the collision, in that she was exiting from the intersection when defendant disregarded the stop sign and struck plaintiff's car.

Appellants group the first eight points of error in their argument, and we will follow to a certain extent that grouping here. Appellant Erika Philipski testified that as she was approaching the intersection she saw Mrs. Johnson's car approaching the stop sign at the intersection. She stated: "I looked at the car and she looked up, just like she would look at the sign, and I thought well she must have seen me because she is going to stop so I went ahead." The front part of her car had more than half way cleared the intersection when Mrs. Johnson's car hit her car in the right rear. Mrs. Philipski had not pressed hard on her brakes or sounded her horn prior to the collision. At this point we feel we should allude to the instruction that appellant requested of the court in Point of Error No. 12. We quote from Altum v. Booth, 399 S.W.2d 836, 839 (Tex. Civ.App., 1966; ref., n. w. h.) as follows:

"* * * A motorist may rely, and must rely in order not to create traffic confusion, on the right of way given him by law. This does not mean, of course, that a motorist having the right of way may, recklessly and in disregard of those who have failed to yield the right of way, cause a collision which he by the exercise of ordinary prudence could have prevented. There is no evidence that Mrs. Booth acted in a careless, reckless or imprudent manner in exercising her lawful right of way."

See also, De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95, 98 (1955); Intges v. Dunn, 311 S.W.2d 877, 881 (Tex.Civ.App., 1958; ref. n. r. e.); Hooper v. Holt, 416 S.W.2d 916, 918, 919 (Tex.Civ.App., 1967; n. w. h.); also Minugh v. Royal Crown Bottling Co., 267 S.W.2d 861, 865 (Tex.Civ.App., 1954; wr.ref.). The requested instruction, the refusal of which is complained of in Point of Error No. 12, does not adequately express the law and decisions on the subject and furthermore would have amounted

to a general charge in a case submitted on special issues. For these reasons we find the trial court correct in refusing the requested charge, and overrule the 12th point of error.

In passing upon those points of error that charge "No evidence" or "Insufficient evidence" and "Contrary to the weight of the evidence", we are mindful of the following rules of law that govern us as an appellate court: In all points charging "no evidence" we must examine only that evidence, together with all proper inferences and intendments therefrom, which is favorable to the jury's finding, ignoring all other evidence, and if we find some evidence to support the jury's finding it must be sustained and the point of error overruled. As to "insufficient evidence" and "contrary to the weight of the evidence" points, we quote from In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661, as follows:

"* * * It is not infrequently described as a question of 'sufficiency' of the evidence. See Hall Music Co. v. Robinson, 117 Tex. 261, 1 S.W.2d 857; Wisdom v. Smith, 146 Tex. 420, 209 S.W.2d 164, 166. The question requires the Court of Civil Appeals, in the exercise of its peculiar powers under the constitution and Texas Rules of Civil Procedure Nos. 451, 453, and 455, to consider and weigh all of the evidence in the case and to set aside the verdict and remand the cause for a new trial, if it thus concludes that the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust—this, regardless of whether the record contains some 'evidence of probative force' in support of the verdict. See cases cited, supra. The evidence supporting the verdict is to be weighed along with the other evidence in the case, including that which is contrary to the verdict."

Applying these rules to the case at hand, and referring to Point of Error No. 1

as to "proper lookout" on the part of plaintiff Philipski, we learn from the record that she first saw defendant's car on Atlas Street about four houses away from the corner. As plaintiff came up to the intersection she saw defendant look up, as if looking at the stop sign, and she does not mention the defendant again until after the collision. Plaintiff was driving about 30 miles per hour at that point, and she states she merely "pumped" her mechanical brakes and did not sound her horn. We conclude from this evidence, favorable to the jury's findings, that the jury was justified in reaching the conclusions that plaintiff was guilty of negligence in failing to keep a proper lookout, in driving at an excessive rate of speed under the circumstances and conditions then existing, in not applying her brakes at a reasonable time under the circumstances and in failing to sound her horn; which acts were each a proximate cause of the collision. Thus, although defendant was negligent in failure to yield the right of way and other respects, plaintiff's acts and failure to act constituted contributory negligence which compelled the trial judge to enter a "take nothing" judgment in the cause. We overrule Points of Error One through Eight.

As to Point of Error No. 9, which attacks the trial court's action in overruling plaintiff's motion in limine to exclude evidence as to plaintiff's refusal to have an examination by a doctor of defendant's choice, we believe the court acted properly, since in Jacobs v. Mayhugh, 411 S.W.2d 439, 440 (Tex.Civ.App., 1967; ref., n. r. e.), cited by appellees, it is held:

"In a personal injury action it is ordinarily permissible to show that a party has refused to submit to a physical examination." (Citing cases).

Point of Error No. 9 is accordingly overruled.

In Point of Error No. 10, we feel the court allowed plaintiffs' attorney to make such an explanation of plaintiffs' refusal

as was offered, for her bill of exceptions, and we overrule this point.

Points of Error numbers Eleven, Twelve and Thirteen have already been discussed and overruled.

Having reviewed all points of error and having found none, the judgment of the trial court is in all things affirmed.

Judgment affirmed.