Edward **PADILLA** and wife, Bertha Padilla, Appellants,

v.

Dewey R. **CHAMBERS**, Appellee.

No. 6127.

Court of Civil Appeals of Texas, El Paso.

Feb. 10, 1971.

Ronald Calhoun, El Paso, for appellants.

Charles E. Anderson, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is an automobile intersection collision case in which a take-nothing judgment was rendered based on jury findings of negligence on the part of both parties. This appeal involves only the findings of contributory negligence against the plaintiff, Bertha Padilla. It is our opinion that the cause must be reversed and remanded for another trial.

The parties will be referred to as they appeared in the trial court, and Bertha Padilla will be called plaintiff.

Three acts found against the plaintiff as being negligence and a proximate cause of the collision were that she failed to keep a proper lookout, failed to timely apply her brakes, and failed to turn to the left to avoid the collision. Points of error have been carefully preserved at all stages of trial, but for purposes of this opinion we will be concerned with "no evidence" or "insufficient evidence" as to the three acts of plaintiff and the related issues. The "no evidence" points of error and the "insufficient" or "against the great weight and preponderance" points will be evaluated under familiar rules, as set out in Garza v. Alviar, 395 S.W.2d 821 (Tex. Sup.1965).

The general facts as to the occurrence in question are that the accident occurred at the intersection of McRae Boulevard and Gateway West within the city limits of the City of El Paso, Texas, when plaintiff was going north on McRae and defendant was going west on Gateway. McRae has six lanes of traffic, divided by islands at points, and plaintiff was in the outside, or right, of the three lanes for north-bound traffic, and was emerging from under a freeway overpass as she approached Gateway. Gateway is one-way west, of two-lane width, parallels the freeway and is controlled by a stop sign at McRae. The jury found that the defendant failed to stop at this stop sign, and such finding is unchallenged. Thus, we have a collision occurring between a vehicle on a favored street and one entering such favored street in violation of a stop sign. Under the circumstances, the look-

out kept by the driver on the favored street (plaintiff) becomes important as bearing on the questions of her contributory negligence. Photographs of the scene were in evidence, and much testimony was adduced as to obstructions to plaintiff's view to her right—the direction from which defendant was approaching. Plaintiff was passing through the underpass, and her view was blocked by the freeway embankment on her right, but improved as she progressed. In contention is, how far and how soon could plaintiff see that portion of Gateway on which the defendant was approaching, as bearing on her duty to take some action for her own safety and the time to react to the situation.

Facts which are undisputed or established beyond doubt are that plaintiff was proceeding at 30 miles per hour in the right lane; she never saw the defendant prior to the collision; she made no application of her brakes and took no evasive action; impact was at a point where plaintiff had negotiated 21 feet of the 30-foot width of Gateway, and defendant had moved 6 feet into McRae; defendant made 20 feet of skid marks; defendant failed to stop before entering McRae; defendant's car struck the right front portion of the plaintiff's car.

■■■ As to the jury findings on the plaintiff's failure to keep a proper lookout, we think it must fall for want of proof that it was a proximate cause. Specifically, we hold that the finding of such proximate cause is based on factually insufficient evidence, viewing the evidence as a whole. Causation and foreseeable consequences are elements of proximate cause and, as to causation, the act or omission must be a substantial factor in bringing about the result. Ordinarily, it will be such a substantial factor if the result would not have occurred without it. Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352 (Tex.Sup.1951); Hatcher v. Mewbourn, 457 S.W.2d 151 (Tex.Civ.App. n. r. e.). Would the collision in this case have occurred if the plaintiff had been keeping such a lookout as a person of ordinary prudence would have kept in the exercise of ordinary care? "But for" her failure, would it have happened? Had she looked, would she have seen something on the part of the other vehicle that, if seen, would have alerted her to the danger of a collision at such time or distance that proper evasive action on her part would have prevented it? What the other vehicle was doing and where it was located, in the brief time it could have been in the view of plaintiffs, comes from the defendant-driver of that vehicle:

"Q About how fast were you travelling when you first saw the Padilla vehicle?

A I'd estimate my speed, sir, about twenty-five or thirty miles an hour.

Q How far were you from that intersection when you first saw her?

A I was right on her when I ιfirst saw her, sir.

Q All right. By that, could you—would you say two car lengths?

A Just about.

Q From the point of impact.

A This was about twenty-five or thirty feet."

\*     \*     \*     \*     \*     \*

"Q Why didn't you stop at the intersection?

A We pulled up and there were about four cars in front of us and they were stopped, and I glanced up and saw the light change. I didn't know they were out of operation. I just assumed they were red, and the cars in front of me—and we set there about a minute, I guess, maybe not that long, and three or four cars in front of me took off, crossing McRaye. I just assumed the light was green, I was following them, and they made it across, and I got to

the intersection, the other car was in front of me.

Q Actually, those lights had just been installed and still had paper over them, didn't they?

A Yes, sir.

Q They weren't in operation.

A No. sir, they wasn't."

The defendant further testified that he had determined that there was a stop sign, but that he did not see it. The investigating officer testified that the defendant laid down 20 feet of skid marks, and that he estimated his speed at 40 miles per hour. "But for" the failure of the plaintiff to keep a lookout for a driver on an intersecting street "stopped", going "twenty-five to thirty miles per hour" or going "forty miles per hour", would she have been alerted to the danger of a collision at such time or distance that proper evasive action on her part would have prevented it? We think not. This is all of the evidence concerning the activity and location of the other driver.

In the decided cases of this nature, the driver with the right of way has been found guilty of contributing to the collision where the time and distance in which he had the other driver in view, or should have seen him, were sufficient to place a duty on him to act. Representative of such cases are Philipski v. Johnson, 428 S.W.2d 830 (Tex.Civ.App. ref. n. r. e.), and Goates v. Fortune Lincoln Mercury, Inc., 446 S.W.2d 913 (Tex.Civ.App. ref. n. r. e.), both by this court. The decisions have gone the other way where the time and distance were insufficient to call for evasive action. Salcido v. Bates, 436 S.W. 2d 934 (Tex.Civ.App. ref. n. r. e.); Taylor v. Brooks, 392 S.W.2d 878 (Tex.Civ.App. ref. n. r. e.). Thus, with time and distance the criteria in this case, it becomes obvious that neither could be measured without proof as to where the defendant was and how fast he was traveling at the crucial time that plaintiff was supposed to be

keeping her lookout. The issues of contributory negligence were defendant's burden. We are of the opinion that there is some evidence to support the finding that the plaintiff's failure to keep a proper lookout was a proximate cause of the accident, but that, considering all of the evidence, it is factually insufficient to support such finding.

We are also persuaded that the findings of contributory negligence on failing to timely apply brakes and failure to turn to the left find some support in the evidence, but are factually insufficient to stand on the issues of proximate cause. We have considered appellant's Points of Error numbered One, Two, Four, Five, Seven and Eight as "no evidence" points, and overrule same. Appellant's Points Three, Six and Nine have been considered as factually "insufficient evidence" points, and are sustained. Garza v. Alviar (supra).

The judgment of the trial court is reversed and the cause is remanded for a new trial.

RAMSEY, C. J., not sitting.