’WriEELER, J.
The only question presented is, whether there was error in dismissing the cause when ample security was tendered and good cause shown why it had not been given within the time prescribed. And we cannot entertain a doubt that there was error in this ruling.
The statute under which the rule was entered (1 vol. Laws, 203,. sec. 17) was examined in reference to its construction in the case of Houston v. Roberts (decided at this term), and we need not repeat the view then presented. The present differs from that case in the circumstance of notice having been given of the rule entered; but the attorney of the plaintiff has, we think, shown a sufficient attempt to comply and excuse for non-compliance to exempt him from any penal consequences arising from hts failure. More could scarcely have been expected, especially when the attorney who had undertaken this part of the business was prevented by sickness from attending to it in person, and to require more would be, it seems to ns, to give an unreasonable construction to the statute. The defendant had sustained no injury and could sustain none by the temporary non-compliance with the rule. IIow then can he complain? Can it be supposed that the legislature intended to require the performance of impossibilities? Or to turn a party, guilty of no fault or wrong, out of a court of justice, forever barred and precluded of his rights and with the penalty of costs inflicted upon him under circumstances like these? Such a construction seems to us so unreasonable as, in the language of Chancellor Kent, to “shock the common sense of justice.” It would be productive of the most flagrant injustice and abuse; and would transform a most salutary provision intended for the protection of the officers of the court and parties litigant into an engine of mischief. The object of the legislature manifestly was to compel the party suing to secure to all persons interested their costs. *(417) But such a construction would defeat that object by absolutely rejecting the security when proffered. It would, we think, be more in accordance with the reason and spirit of the law and the principles of sound construction to adopt and give effect to the manifest intention, rather than the strict letter of the law, and to receive the security at any time before the cause was finally dismissed as a sufficient equitable compliance with the rule to taire the case out of its operation.
We are of opinion that the judgment of the district court be reversed and the cause remanded, with instructions to permit the plaintiff to give security for costs and for further proceedings.