**TOWNE INDUSTRIAL EQUIPMENT COMPANY, Inc., Appellant,**

v.

**MARMOSAIC, INC., Appellee.**

No. 16012.

Court of Civil Appeals of Texas.

Dallas.

June 1, 1962.

Rehearing Denied June 22, 1962.

Clair F. Achenbach, Dallas, for appellant.

Warren Whitham, Spafford, Ledbetter, Freedman, Hamlin & Gay, Dallas, for appellee.

DIXON, Chief Justice.

Appellant Towne Industrial Equipment Company, Inc. sued Marmosaic, Inc. on verified account for $364.43, the amount alleged to be remaining due and unpaid on an account originally in the sum of $714.13 for parts and labor furnished in repairing a fork-lift truck.

Appellee Marmosaic, Inc. filed its verified answer denying that the account sued on was just and true except an item of $75.18 for two tires. Appellee further alleged that it had contracted with appellant to repair the truck in question, but that appellant failed to furnish parts and accessories necessary to place the truck in normal operation, by reason of which and by reason of appellant's continuing failure properly to repair the truck the consideration for the account had wholly failed. Appellee specifically denied under oath that the prices set forth in the account were reasonable and alleged that the parts furnished were unnecessary.

Appellee's verified answer put the burden on appellant to prove its case as in an ordinary suit, the verified account not being sufficient in the face of the verified answer to make a prima facie case for appellant.

Appellee filed a cross-action for $990 for damages, but no recovery was allowed on the cross-action and it does not figure in this appeal.

Four special issues were submitted to the jury. Two of them were conditionally submitted and were not answered by the jury. The jury answered the first issue to the effect that appellant repaired the truck in a good and workmanlike manner on or about August 28, 1959.

Since this appeal revolves around the jury's answer to the second special issue we herewith quote the issue and the answer in full:

"SPECIAL ISSUE NO. 2.

"What amount, do you find from a preponderance of the evidence, that the Defendant (Marmosaic) is indebted to the Plaintiff (Towne Industrial Equipment Co.) for the work and material furnished, if any, by the Plaintiff (Towne Industrial Equipment Co) to the Defendant (Marmosaic) in connection with the repair, if any, of the said truck on or about August 28, 1959?

"Answer in dollars and cents or none.

"ANSWER: $77.93."

No issues were submitted to the jury specifically inquiring as to whether the parts and labor furnished were necessary, or whether the prices charged were reasonable. Appellant takes the position that the submission of such issues was not necessary because Charles Van Dusen, appellant's service manager (an interested party), testified that the prices charged were "usual and customary charges for that type of work in Dallas County, Texas."

■ Special Issue No. 2 as drawn is objectionable because it does not submit the material fact issues separately as required by Rule 277, Texas Rules of Civil Procedure. It is all inclusive embracing all issues both of fact, and of law that could be raised in the suit, including the issues whether each item of labor and materials was necessary or the prices reasonable. However, no objection to the form of the issue was made by either appellant or appellee in the trial court, therefore appellant cannot and does not now complain of the form of the issue.

Appellant's one point on appeal is as follows:

"The trial court committed error in overruling plaintiff's motion to disregard the jury's answer to Special Issue No. 2 and to enter judgment for plaintiff for $364.43, as a matter of law."

■ In order to support its point on appeal appellant must show that the finding of the jury in answer to special issue No. 2 has no support in the evidence. Rule 301, T.R.C.P. In determining this question we must look only to the evidence tending to support the jury's finding, ignoring conflicting testimony. City of Austin v. Salazar, Tex.Civ.App., 241 S.W.2d 445.

■ Appellant's point on appeal cannot be sustained because there is evidence in the record to support the jury's answer to special issue No. 2. The form and wording of the issue invited the jury to make mathematical calculations. The jury did so. It is evident, as pointed out in appellant's brief, that the jury arrived at its answer of $77.93 as follows:

| | | |
|---|---|---|
| "8–28–59 Appellant's repairs | | $681.15 |
| 10–23–59 Service call | | 9.25 |
| 12–4–59 Service call | | 24.03 |
| Total | | $714.43 |
| 9–28–59 Paid by appellee | | 350.00 |
| Balance unpaid | | $364.43 |
| 1–4–60 to 1–22–60 Cost of repairs to truck by Buantello | $253.22 | |
| 10–23–59 Service call by appellant disallowed by jury | 9.25 | |
| 12–4–59 Service call by appellant disallowed by jury | 24.03 | |
| Total | | $286.50 |
| Difference answered by jury | | 77.93." |

There is testimony that after the truck was worked on by appellant it still would not operate properly and it was finally necessary to pay another mechanic named Buantello the reasonable amount of $253.22 for labor and material in order to put the truck in good workable condition. This amount was claimed by appellee as deduction against appellant's account. It is obvious that the jury agreed with appellee.

**758**

It will be observed that the two service charges of 10–23–59 and 12–4–59 were also deducted from appellant's account. Appellee claimed that these two service calls did not result in the truck's being restored to running condition. Anyway the issue as submitted called only for the amount due for the repair of the truck on or about August 28, 1959. The two service calls came at a considerable time thereafter, so were properly excluded from the jury's computation as of August 28, 1959.

Since there was evidence to support the submission of special issue No. 2 and the jury's answer thereto, the court properly overruled appellant's motion to disregard the jury's answer to the issue. Appellant's point on appeal is overruled.

The judgment of the trial court is affirmed.