**J. Alex BLAKELEY, Appellant,**

**v.**

**Ben HOWARD, d/b/a Ben Howard Plumbing Company, Appellee.**

No. 16434.

Court of Civil Appeals of Texas.

Dallas.

Jan. 8, 1965.

Rehearing Denied Feb. 19, 1965.

Jay S. Fichtner, Gayle E. Oler, Dallas, for appellant.

Ely Straus and Robert A. Neathery, Dallas, for applleee.

DIXON, Chief Justice.

Appellee Ben Howard, doing business as Ben Howard Plumbing Company, recovered judgment against appellant J. Alex Blakeley for $3,204.25 in a suit for labor and materials furnished in performing plumbing work on Coralita Courts, a motel owned by appellant.

Appellee's original petition alleged a cause of action based on a verified account. However, in pleadings filed later appellee pled *quantum meruit* and his cause of action was tried on that theory.

Appellant filed an answer and cross-action which we shall discuss in greater detail later in this opinion. It is undisputed that appellant has paid $2,000 on account.

A jury returned a verdict finding that (1) appellee furnished appellant labor and materials of (2) a reasonable cash market value of $5,310.34, (3) of which sum a balance of $3,204.25 remained unpaid; (4) a reasonable attorney's fee was $1,250; (5) appellee did not agree with appellant that for materials furnished appellee would receive cost plus 10 per cent, and (6) did not agree to finish the job by October 7, 1961.

Appellant's first, second and fourth points on appeal charge that the court committed error in overruling appellant's motion for discovery. We agree with appellant.

In his answer and cross-action in addition to a number of defensive pleas appellant affirmatively pled that he had entered into an oral contract with appellee, the terms of which were as follows: (1) appellee would charge for labor furnished the usual and customary charges prevailing in Dallas County at the time; (2) appellee would charge for materials furnished the actual cost of said materials plus 10 per cent, except as to panel-ray heaters, which were to be furnished at cost; (3) appellee would allow appellant to check appellee's books and records to verify the charges made; and (4) would complete the job by October 7, 1961, the opening date of the State Fair of Texas, so that appellant could obtain the benefit of the influx of visitors into Dallas at that time.

In his cross-action appellant alleged that because of appellee's failure to finish the job by October 7, 1961, as he had agreed to do, appellant in the operation of his motel was not able to obtain any benefit from the influx of visitors to the State Fair to his damage in the sum of $2,500.

Appellant's testimony supported his pleadings as to the alleged oral contract and its terms. Appellee's testimony contradicted that of appellant as to the terms of the contract except that appellee admitted that he had agreed to furnish the panel-ray heaters at cost.

It is obvious that in order to support his answer and cross-action with evidence appellant had to know the costs of materials and the details of the charges made for labor. The invoices, books, payrolls and other records showing the needed information were in the exclusive possession and control of appellee. Appellant repeatedly but unsuccessfully sought to have these records produced for his inspection.

On October 29, 1962 appellant filed a motion for the appointment of an auditor. The motion was overruled.

On March 6, 1963 appellant made a motion pursuant to Rule 167, Texas Rules of Civil Procedure, for discovery and production of (a) invoices pertaining to materials and equipment furnished together with cancelled checks showing payment; (b) payroll records relating to labor performed; (c) quarterly payroll reports pertaining to the men employed as laborers on appellee's job at Coralita Courts; (d) records of the labor rate charged; and (e) records pertaining to labor of appellee's employers at other jobs engaged in by appellee during the time he was working on the Coralita Courts. The trial court overruled appellant's motion for discovery.

On October 14, 1963 appellant pursuant to Rule 168, T.R.C.P., propounded interrogatories to appellee in an effort to ascertain the names and numbers of employees, labor performed, wage rate, etc., in connection with appellee's job on Coralita Courts. Appellee answered some of these interrogatories, but as to hourly, weekly or monthly wage rates, and the total amount paid to employees on the job appellee refused to answer on the ground that the information requested was immaterial. Appellee did not answer interrogatories as to other jobs on which appellee worked during the period involved or the names of employees who worked on said jobs and gave no reason for his refusal to answer.

At a pre-trial hearing the court refused to require appellee to answer the interrogatories he had declined to answer and during the trial on the merits refused to allow appellant to read to the jury the responses of appellee wherein he declined to answer some interrogatories on the grounds of immateriality and refused to answer other interrogatories without explanation.

The trial on the merits began October 28, 1963. The jury returned its verdict October 31, 1963. During the examination of appellee as a witness he was asked to produce invoices, payrolls and other records he admitted were in his possession. Appellee declined to produce the records.

Later after appellant had testified as to the terms of the alleged oral contract, appellee was recalled as a witness and was again asked to produce the invoices and records as to certain labor and materials costs. Appellee produced a few records. However, as to others stated that he was sure he had the records some place but would have to look in his files for them. The court, over appellant's protest, refused to allow the witness to take the time necessary to look for the records.

As the foregoing recital shows, appellant was diligent in his efforts to obtain the evidence necessary to enable him to present his defense. Rule 167, which appellant sought unsuccessfully to invoke, expressly provides that designated books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in an action and which are in the possession, custody or control of a party, may be required to be produced for inspection, copying and photographing by

the opposing party. The source of our State rule is Federal Civil Rule No. 34. In our opinion the rule is applicable here, and the court abused its discretion in overruling appellant's motion for discovery. Neville v. Brewster, 163 Tex. 155, 352 S.W. 2d 449; Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; Wilson v. David, D.C., 21 F.R.D. 217; Samuel Goldwyn, Inc. v. United Artists Corp., D.C., 35 F.Supp. 633. Even prior to the enactment of Rule 167, T.R.C.P. and Rule 34, F.R.Civ.P., our statute, Art. 2002, Vernon's Ann.Civ.St., provided for discovery. White v. National Paving Co., Tex.Civ.App., 101 S.W.2d 588; Beaman v. Sanger Bros., Tex.Civ. App., 32 S.W.2d 872. Appellant's first, second and fourth points are sustained.

■ In his third and fifth points appellant complains of the court's refusal to require appellee to answer certain written interrogatories and to require appellee to answer certain questions propounded to him while he was witness during the trial. Neither of these points is mentioned in appellant's amended motion for new trial, so they cannot be considered here.

In his sixth and seventh points appellant charges error because of the court's refusal to submit requested issues inquiring (6) whether appellant and appellee agreed that for the labor performed appellee would receive the usual and customary charges for such labor in Dallas County, Texas; and (7) whether appellant and appellee agreed that appellant could verify the charges made by appellee for materials and labor.

■■ The two requested issues inquired about elements of the alleged contract as pled and testified to by appellant. The issues were not submitted. They should have been submitted. All the ultimate fact issues pled by each party, if supported by evidence, should be submitted. Rule 277, T.R.C.P. T & P Ry. Co. v. Davis, Tex. Civ.App., 374 S.W.2d 305; Cabell's, Inc.

v. Peurifoy, Tex.Civ.App., 287 S.W.2d 283; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517. Appellant's sixth and seventh points are sustained.

■ In his eighth and ninth points appellant says it was error for the court to submit Issue No. 2 which inquired as to the "reasonable cash market value" of the labor and materials furnished by appellee because there were no pleadings and no evidence as to the "reasonable cash market value" of the labor and materials.

We agree with appellant that it was error to submit the issue as worded. We so hold for these reasons: (a) we have searched the record and find no pleadings or evidence of the "reasonable cash market value" of either the labor or the materials. Appellee pled and testified that the charges made were reasonable and the labor and materials furnished were necessary. (b) Appellee admitted that the panelray heaters were to be furnished at cost, yet the issue as submitted included all labor and materials. Appellant's eighth and ninth points are sustained.

■ Appellant's tenth point claims that there was "insufficient" evidence to support submission of Special Issue No. 2. An attack on the submission of an issue calls for the "no evidence" rule, not what is commonly called the "insufficient evidence" rule. In re King's Estate, 150 Tex. 662, 244 S.W. 2d 660. However, in his article, " 'No Evidence' and 'Insufficient Evidence' ", 38 Texas Law Review 361, April 1960, Chief Justice Calvert says that the mere wording of the point on appeal is not controlling, but the point will be interpreted to give it the application appropriate to a particular procedural step in the trial. Therefore we interpret appellant's tenth point as an effort to invoke the "no evidence" rule. As such it duplicates appellant's ninth point which we sustained. We therefore sustain appellant's tenth point.

In his eleventh, twelfth, and thirteenth points appellant asserts error in the submission of Special Issue No. 3 as follows:

"What amount, if any, do you find from a preponderance of the evidence, is the balance, if any, now owed by the Defendant (Blakeley) for the labor and materials, if any, furnished, if any, by the Plaintiff (Howard) to Defendant (Blakeley) as inquired about in Special Issue No. 1?"

Appellant attacks the above issue on the grounds that it is a global submission, submits issues of law, and is multifarious. We agree with appellant.

The whole and only purpose of the suit from appellee's viewpoint was to obtain an adjudication as to the balance which he claimed was owed to him by appellant. The issue as worded does not submit the various ultimate issues of fact separately as required by Rule 277, T.R.C.P. It includes all ultimate issues of fact and of law in one monumental all-inclusive global issue which concludes the whole lawsuit. Towne Industrial Equipment Co. v. Marmosaic, Inc., Tex.Civ.App., 358 S.W.2d 755; Schoenberg v. Forrest, Tex.Civ.App., 228 S.W.2d 556; Southland Life Ins. Co. v. Ballew, Tex.Civ.App., 268 S.W. 1027. The eleventh, twelfth and thirteenth points are sustained.

Appellant's fourteenth point alleges error in the submission of Special Issue No. 4 which inquired what amount of money would be a reasonable attorney's fee. Appellant contends that there is no evidence that appellee presented his claim thirty days before suit was filed as required by Art. 2226, V.A.C.S.

The fourteenth point is without merit. Appellant himself in his sworn answer says that "Upon completion of said work" appellee furnished him with a statement as set out in Exhibit "A" attached to appellee's petition. The work was completed November 10, 1961. Suit was filed February 9, 1962. Appellant's fourteenth point is overruled.

In his fifteenth, sixteenth and seventeenth points appellant says that the court erred in overruling his motion to disregard the jury's answers to Special Issues Nos. 2, 3 and 4 and in failing thereafter to render judgment for appellant. In passing on appellant's eighth, ninth, tenth, eleventh, twelfth, and thirteenth points we held that there was error in the submission of Issues Nos. 2 and 3. Therefore, they do not furnish a proper basis for the judgment rendered by the court. However, in the state of the record there was no basis for rendering judgment for appellant even if the court were to disregard the jury's answers to the two issues.

Appellant contends that the jury's answers to Special Issue No. 7 are without support in the evidence. The pleadings of appellee and the testimony of two attorneys supported the jury's finding of $1,250 as a reasonable attorney's fee.

Appellant's fifteeth, sixteenth and seventeenth points are overruled.

The judgment of the trial court is reversed and the cause remanded for another trial.

Reversed and remanded.