Virginia E. BRETZ, Appellant,

v.

Carlos Rodriguez VILLALVA, Appellee.

No. 6139.

Court of Civil Appeals of Texas, El Paso.

June 16, 1971.

Rehearing Denied July 14, 1971.

Sam W. Callan, Malcolm McGregor, El Paso, for appellant.

Owen, Brewster & Steinberger, Frank Owen, III, El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is an automobile intersection collision case in which the Court rendered a take-nothing judgment based on answers to special issues found by a Jury. The Defendant was found guilty of several acts of negligence proximately causing the colli-

sion, and the Plaintiff was found guilty of an act of negligence in failing to timely apply brakes which was a proximate cause of the collision. We are of the opinion that the judgment should be affirmed.

Appellant assigns four points of error. Point number one is that the trial Court erred in submitting special issues on failure of Appellant to make timely application of her brakes and related proximate cause. This being a contention that the Court erred in submitting the issue because of a lack of evidence, it must be reviewed under the "no evidence" rule, rather than what is commonly called the "insufficient evidence" rule. Blakely v. Howard, 387 S.W.2d 96 (Tex.Civ.App. Dallas, 1965, ref. n. r. e.); Garza v. Alviar, 395 S.W.2d 821 (Tex.1965). To sustain the point, the reviewing Court must find that there is no evidence to support the issue. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961).

[] The Plaintiff was on the favored street and the Defendant entered the intersection from her right on a street controlled by a yield sign. The Defendant testified that he stopped at the yield sign, moved up to where he could see both ways, looked both ways, and then moved into the intersection. His speed was 5 miles per hour. The Plaintiff said she first saw the Defendant when he was one car length from the intersection and that he was not stopped, but was moving, that she watched him until the collision, that she slackened her speed when she saw the Defendant, did not apply her brakes when she first saw him, but had her foot ready, thought he would stop, assumed he would stop, and when she realized he was not going to stop, then she applied her brakes and turned to the left, this was as they both entered the intersection, and they both entered the intersection at the same time. The Plaintiff testified:

"Q. All right. Now, as it rolled on into that intersection, Mrs. Bretz, you

kept coming right on up this way, didn't you?

"A. One lane, yes.

\* \* \* \* \* \*

"Q. As he rolled on into that intersection and got to this point, you were still watching his car, weren't you?

"A. Yes, sir.

\* \* \* \* \* \*

"Q. All right. Now, tell me just exactly what you did just before this accident by way of looking down the road; what did you do?

"A. I was looking straight ahead, and when I got close to the intersection, I looked and saw this car coming and expected him to stop, and when I realized that he was not going to stop, then I applied the brakes and turned to the left.

\* \* \* \* \* \*

"Q. Now, you did not apply your brakes when you first saw the car coming, did you?

"A. No, but as I say, I kept my foot ready to.

\* \* \* \* \* \*

"Q. And you had your foot on the brakes, and you were riding the brake up to a point, and then you finally decided to step on the brake, didn't you?

"A. Yes, sir.

\* \* \* \* \* \*

"Q. Then after a short time elapsed and after you decided that he was not going to stop, you put your brakes on.

"A. Yes.

\* \* \* \* \* \*

The speed of the Plaintiff was 25 miles per hour. The cars each moved 20 feet into the intersection from their respective curb lines and collided in the middle of the intersection, according to the investigating officer. The right front of Plaintiff's car struck the Defendant's pickup just behind or to the rear of the door. A seventeen year old boy testified that he observed what happened from the porch of a nearby house, and that he saw the Defendant approach the yield sign, come to a complete stop, behind the yield sign some 4 feet, and then proceed into the intersection, saw the Plaintiff coming "pretty fast", she hit the brakes, the wheels skidded, made a noise, and then the car hit the pickup; the pickup was hit just behind the cab, and the collision occurred in the middle of the intersection. Viewing this evidence, under the announced rule, we conclude there is some evidence of probative force to warrant the submission of the question of whether the Plaintiff "failed to apply her brakes at a time that a person of ordinary prudence, in the exercise of ordinary care, acting under the same or similar circumstances, would have applied her brakes?" We also conclude that there is evidence of probative force to support the Jury finding on the issue. In reaching this conclusion, we have viewed the evidence in the light most favorable in support of the Jury's answer to the issue, and considered only the evidence and inferences which support such answer. Biggers v. Continental Bus System, Inc., 157 Tex. 351, 303 S.W.2d 359 (1957). Under the rule of In re Kings Estate, 150 Tex. 662, 244 S.W.2d 660 (1951), if there is any evidence of probative force in support of the finding, the finding is binding on the Appellate Court.

■ Appellant also urges that the issue should not have been submitted for the reason that she was entitled to rely on the Defendant's obeying the yield sign, and was not under a duty to apply her brakes until it was apparent that the Defendant would not yield. The proposition is sound, and there could be no orderly flow of traffic on our crowded streets if drivers could not rely on established rights of way. But, we can not agree with Appellant that the facts of this case are such that the issue should not have been submitted because the Plaintiff-Appellant had the right of way. Balanced against her having the right of way is the duty on her part to exercise it with

due regard to her own safety and that of others. She could not blindly exercise it, but had a duty to prevent an accident if she could. When that duty arose is discussed by this Court in the recent case of Padilla v. Chambers, 464 S.W.2d 417 (1971, n. w. h.), and will not be repeated here. Suffice it to say that from the above evidence, the physical facts, the relative speed of the automobiles, and the Plaintiff's own testimony of some hesitation in applying her brakes, there was a time when the duty arose for her to take action to prevent the collision. Appellant's argument as to precise positioning of the cars as to curb lines, ignores the broad question asked of the Jury—did she fail to apply her brakes "*at a time* that a person of ordinary prudence, in the exercise of ordinary care, acting under the same or similar circumstances, would have applied her brakes?" The whole spectrum of facts and circumstances attendant to the happening are involved in determining that question. The Jury is passing on the judgment exercised by the Plaintiff. The question determined by the Jury is not whether she failed to act at some specific point or place, or time (upon first seeing the Defendant), but whether she failed to act at a time when a person of ordinary prudence would have under the circumstances.

We are also of the opinion that the evidence warrants the submission of the related question of proximate cause, and that it supports the Jury's answer thereto. Just prior to impact, Plaintiff turned to her left, the direction that Defendant was moving, yet struck his pickup behind the door or cab when it was 20 feet into the intersection. The Jury could have reasoned that a more timely application of her brakes would have slowed her progress enough to have prevented the collision.

Appellant's other points of error are:

"Point Two"

The trial Court erred in refusing to grant Appellant's motion for mistrial.

"Point Three"

The trial Court erred in granting Appellee's motion for judgment and entering a take-nothing judgment against Appellant in favor of Appellee.

"Point Four"

The trial Court erred in overruling Appellant's motion for a new trial.

Assignments in these terms are too general to require or justify consideration. Garza v. Alviar, supra; Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1961). Such points of error fail to comply with Rule 418, Texas Rules of Civil Procedure in that they do not direct this Court's attention to the specific error relied upon. Schad v. Williams, 398 S.W.2d 603 (Tex. Civ.App.1965, ref. n. r. e.) in which the Court said:

> "It amounts to an effort to group together all points contained in the motion for new trial and is therefore multifarious. It does not direct our attention to any particular act or omission on the part of the trial court which might constitute reversible error."

Appellant's motion for mistrial contains some six numbered paragraphs of complaints of actions of the trial Court and is a misnomer in that it complains of the action of the trial Court in submitting certain issues and in failing to disregard certain Jury findings. It was made following the return of the Jury's verdict and prior to the entry of the judgment, and relates to matters already discussed in this opinion. The motion for new trial consists of ten separate paragraphs, and none of these points are restated in the Appellant's brief and followed by argument. Appellee objected to our consideration of them in his brief, and Appellant did not see fit to re-brief. Under such circumstances, the points may be deemed to be waived for failure to brief.

The judgment of the trial Court is affirmed.