Angle CARR et vir, Appellants,

v.

Kenneth GREGORY, Appellee.

No. 643.

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 28, 1971.

Glusing & Sharpe, Nelson Sharpe, Kingsville, for appellants.

Dyer, Redford, Burnett, Wray, Woolsey & Dunham, James W. Wray, Jr., Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This suit was instituted by Angie Carr and her husband, J. F. Carr against Kenneth Gregory for damages resulting from a rear-end automobile collision. Trial was to a jury which found that the defendant was driving at an excessive rate of speed which was a proximate cause of the collision, and that he failed to maintain an assured clear distance between his vehicle and the vehicle that was being driven by Mrs. Angie Carr, which was also a proximate cause of the collision. The jury also found that plaintiff, Mrs. Angie Carr, had a reasonable opportunity in the use of ordinary care to give a signal of her intention to stop, that she failed to give such signal to stop as a person using ordinary care would have given, and that such failure was a proximate cause of the collision. The damage issues were answered in plaintiffs' favor. Upon receipt of the jury verdict, the trial court entered a judgment that plaintiffs take nothing. Plaintiffs have timely perfected an appeal to this Court. We affirm.

Appellants' first point complains that the trial court erred in denying their motion to disregard the findings of the jury to special issues 17, 18 and 19 because appellant did not violate any legal duty owed to appellee. Special Issue 17 inquired into

whether or not Mrs. Carr had a reasonable opportunity to give a signal of her intention to stop; special issue 18, which was conditionally submitted on an affirmative answer to special issue 17, asked whether or not Mrs. Carr failed to give such a signal to stop as a person using ordinary care would have given; special issue 19, also conditionally submitted, called for an answer as to whether or not such failure was a proximate cause of the collision. All issues were answered adverse to appellants and it was on the basis of the answers to these issues that a take nothing judgment was entered.

■ The motion, as filed by appellants, is styled "Motion for Judgment". In effect, it moves that the trial court disregard the answers by the jury to these issues on the ground that there was "no evidence", and "insufficient evidence" to support such answers and that they were "immaterial to the case". There is no showing in the record that appellants' motion for judgment and to disregard the jury findings was ever presented to or acted upon by the trial court. In that state of the record, the point was not preserved for appellate review. Murphy v. Maroney, 456 S.W.2d 787 (Tex.Civ.App., Waco, 1970, wr. ref. n. r. e.); Moreno v. Jenkins, 436 S.W.2d 620 (Tex.Civ.App., Austin, 1968, wr. ref. n. r. e.).

■ Irrespective of whether the point was preserved on appeal, there is another reason why the point cannot be sustained. Rule 301, Texas Rules of Civil Procedure, provides, in part, that " * * * the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence. * * *" The question of whether appellant violated any legal duty owed to appellee is not a proper ground for disregarding a jury finding and the trial court could not have properly granted appellants' motion on that ground. The motion is not predicated upon any lack of evidence to support the jury's answers to these issues and, there-

fore, does not come within the rule. Western Hills Hotel, Inc. v. Ferracci, 299 S.W. 2d 335 (Tex.Civ.App., Ft.Worth, 1957, wr. dism'd by agrm't).

Our Supreme Court, in C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191, 194 (Tex.Sup.1966), held:

"A jury's answer to a special issue may be disregarded only when it has no support in the evidence or when the issue is immaterial."

The findings complained of in the motion were not immaterial. They affected the legal significance of the verdict and have support in the evidence. See McDonald, Texas Civil Practice, §§ 17.30–17.32. Accordingly, appellants' first point of error is overruled.

Appellants' second point of error complains that special issue No. 18 places a greater duty and burden on them than is required by law. The point reads as follows:

"Special issue No. 18, which inquires whether Angie Carr failed to give such a signal to stop as a person using ordinary care would have given, places a greater duty and burden on the appellant than is imposed upon her by law, in that such issue under this record clearly infers that the law requires a signal other than a signal light."

Appellants did not file any requested issues to be submitted to the jury. The only assignment of error contained in appellants' motion for new trial which is germane to its second point is contained in paragraph IV of their motion for new trial, reading:

"The Court erred in overruling Plaintiffs' objection to Special Issue No. 18".

■ Appellee asserts that such an assignment of error in appellants' motion for new trial is too general to warrant the consideration of the point by the appellate court. We agree. The point is a com-

plaint as to the form of the issue as submitted to the jury. The assignment of error does not distinctly point out to the trial court the matter claimed to constitute error. The assignment of error in appellants' motion for new trial is too general to justify consideration of the point on appeal. It does not comply with Rules 320, 321, 322 and 374, T.R.C.P. The quoted paragraph in appellants' motion for new trial does not in itself specify any particular ground of error either of omission or commission. It is, therefore, insufficient to direct the attention of the trial court to any particular act or omission which appellants believe constituted error. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, 890–891 (1960); Dudley v. Whatley, 400 S.W.2d 773 (Tex.Civ.App., Houston, 1966, wr. ref. n. r. e.); J. Weingarten, Inc. v. Moore, 441 S.W.2d 223 (Tex.Civ.App., Houston, 1st, 1960) rev. in part on other grounds in 449 S.W.2d 452 (Tex.Sup. 1970).

■ Furthermore, the statement of facts shows that after the close of the evidence counsel for appellants dictated certain objections to the submission of special issue 18, which were later reduced to writing and were filed among the papers in the case. The transcribed objections are shown in the transcript. The document appearing in the transcript containing the objections does not show either the signature of the trial judge or any endorsement of his ruling thereon as required by Rule 272, T.R.C.P. Nowhere in the statement of facts (which was signed by the trial judge) is it shown that the trial court ruled on any objections to special issue 18. Consequently, appellants' objections to the submission of the issue cannot be considered on appeal. Big Three Welding Equipment Company v. Roberts, 399 S.W. 2d 912, 918 (Tex.Civ.App., Corpus Christi, 1966, wr. ref. n. r. e.); Texas General Indemnity Company v. Youngblood, 466 S. W.2d 329 (Tex.Civ.App., Ft. Worth, 1971, wr. ref. n. r. e.); Beacon National Insurance Company v. Young, 448 S.W.2d 812 (Tex.Civ.App., Dallas, 1969, wr. ref. n. r. e.); Mergele v. Houston, 436 S.W.2d 951 (Tex.Civ.App., San Antonio, 1968, wr. ref. n. r. e.); Neuhoff Brothers Packers, Inc. v. McCauley, 399 S.W.2d 929 (Tex.Civ. App., Waco, 1966, wr. ref. n. r. e.); Melton v. State, 395 S.W.2d 426 (Tex.Civ. App., Tyler, 1965, wr. ref. n. r. e.). We, therefore, consider the charge as though no objections were made. Grabes v. Reinhard Bohle Machine Tools, Inc., 381 S. W.2d 395 (Tex.Civ.App., Corpus Christi, 1964, wr. ref. n. r. e.); Gale v. Spriggs, 346 S.W.2d 620 (Tex.Civ.App., Waco, 1961, wr. ref. n. r. e.).

■ In Burch v. Southwest Title Company, 450 S.W.2d 752 (Tex.Civ.App., San Antonio, 1970, n. w. h.), in discussing Rules 324 and 374, T.R.C.P., the court held:

"* * * Complaints as to the manner and form of submitting a special issue are properly preserved, not by motion for judgment non obstante veredicto but by objection to the charge of the court. * * *"

In the instant case, there are no valid objections to the court's charge. Thus, as no objection to the form of the issue was made by appellant in the trial court prior to its submission to the jury, an objection to its form cannot be raised for the first time on appeal. Allen v. American National Insurance Company, 380 S.W.2d 604, 608–609 (Tex.Sup.1964); Clagett v. Neugebauer, 376 S.W.2d 768 (Tex.Civ.App., Austin, 1964, n. w. h.); Towne Industrial Equipment Co. v. Marmosaic, Inc., 358 S. W.2d 755 (Tex.Civ.App., Dallas, 1962, n. w. h.). Here, appellants have no assignment of error asserting that there is no evidence to support the jury finding to special issue 18. The nearest to such an assignment is the contention of "no evidence" set out in appellants' motion for judgment and to disregard jury findings, which, as duly noted, was never ruled on by the trial judge.

Rules 374, T.R.C.P., provides that a ground of error not distinctly set forth in the motion for new trial, in cases where such a motion is required, shall be considered as waived. By failing to set forth in their motion for new trial the particular ground relied upon as constituting error, appellants have waived the error, if any, presented by their second point. State of Cal. Dept. of Mental Hygiene v. Bank of Southwest Nat. Ass'n, 163 Tex. 314, 354 S.W.2d 576 (1962); Dallas Ry. & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379 (1952); Houston Belt & Terminal Ry. Co. v. J. Weingarten, Inc., 421 S.W.2d 431 (Tex.Civ.App., Houston, 1st, 1967, wr. ref. n. r. e.). For the reasons stated, appellants' second point is overruled.

■■■ Appellants raise "no evidence", "against the great weight and preponderance of the evidence" and "insufficient evidence" points by their third, fourth and fifth points. They do not distinguish factual insufficiency from legal insufficiency. In view of both law and fact questions presented by this appeal we have reviewed the entire record in this case. In considering the law question of "no evidence" as well as any contention that the evidence is legally insufficient, we follow the rule set out by our Supreme Court in Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965) and consider only the evidence and the inferences favorable to the jury findings and disregard all evidence and inferences to the contrary. With respect to the fact question of "against the great weight and preponderance of the evidence", including any contention that the evidence is factually insufficient, we must review and consider the evidence in its entirety. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). It must clearly appear that the jury answers are wrong before the appellate court may set them aside. Missouri-Kansas-Texas Ry. Co. of Texas v. Anderson, 258 S.W.2d 375 (Tex.Civ.App., Waco, 1953, wr. ref. n. r. e.); State v. Dehnisch, 437 S.W.2d 46 (Tex.Civ.App., Corpus Christi, 1968, n. w. h.). With the an-

nounced principles of law in mind, we set out, in substance, the evidence in this case.

The accident made the basis of this suit occurred at about 6:15 p.m. on October 27, 1969, on a public highway (U.S. 77 By-Pass), in the City of Kingsville, at its intersection with Caesar Street. There was no traffic light or stop sign at the intersection. It had been drizzling rain the day of the accident and the highway was wet. It was dark when the collision occurred and both vehicles had their lights burning. Immediately prior to the collision, Mrs. Carr was driving her automobile (the lead vehicle) in a southerly direction along the By-Pass, a two lane paved highway. Appellee was driving his automobile (the following vehicle) in the same direction. Mrs. Carr stopped her automobile in the west lane of the By-Pass and appellee's automobile collided with the rear of the Carr vehicle. The only testimony concerning the collision itself and the events and conditions immediately prior thereto is from Mrs. Carr, Mr. Gregory and his wife, Mrs. Gregory.

It is undisputed that the accident occurred at an uncontrolled intersection. On direct examination, it was established that Mrs. Carr was headed towards her home on Caesar Street and was driving south along the By-Pass at somewhere between fifty and fifty-five miles per hour. When she was about a half a block or so from Caesar Street she turned the turn indicator on, indicating an intention to make a left turn. She started slowing down to about twenty or twenty-five miles per hour by taking her foot off of the accelerator and applying her brakes. She was meeting oncoming traffic and came to a complete stop in her lane of traffic before beginning the execution of the left turn. After she had come to a complete stop, she waited for two cars proceeding in the opposite direction to clear the intersection. After the two cars had so cleared the intersection, she started her car forward and was then hit by the Gregory vehicle. On cross-examination, she testified that she first activated the left turn indicator and later put

her foot on the brake; that her car was equipped with a stop light that came on when the brakes were applied; that the lights and brakes were working immediately prior to the collision; that she did not give a hand signal to stop; that taking her foot off the accelerator did not cause the stop light to come on; that she first put her brakes on when she was about half a block from the intersection. However, she admitted that on her deposition she said that she came to a stop within ten to fifteen feet after she put on her brakes. Appellee's exhibit No. 3 (a sketch of the intersection that shows the point of impact) was admitted without objection. This exhibit reveals that the collision occurred at about the middle of the intersection, in the west lane of the By-Pass and in the south lane of Caesar Street.

Mr. Gregory testified in substance: the By-Pass, a two-lane highway, carried both northbound and southbound traffic. Immediately prior to the happening of the event in question, he was driving south along the By-Pass at about fifty miles per hour. He first observed the Carr automobile a block or two before the collision. He knew that he was overtaking the Carr vehicle and began to slow down. He did not see the left turn indicator go on before the brake lights went on. The Carr automobile stopped suddenly. He first saw the brake lights on the Carr vehicle come on when he was between one hundred and one hundred fifty feet from the intersection, when he put on his brakes. He was unable to stop before colliding with the rear of the Carr vehicle. The Carr automobile was moving at the time and point of impact.

Mrs. Gregory testified that when she first saw the Carr vehicle that the brake lights and left turn indicator were not on, but that later she saw them both come on simultaneously. She was unable to judge the distance from their vehicle to the Carr vehicle when the brake lights and turn indicator on the Carr automobile first flashed.

It is evident from the above resumé of the evidence that there are conflicts in some areas of the testimony adduced at the trial. The jury is not only the judge of the facts and circumstances proven, but may also draw reasonable inferences and deductions from the evidence presented to it. Its findings may not be disregarded if the record discloses any evidence of probative value in support thereof. It is the exclusive judge of controverted issues of fact raised by the evidence, of the credibility of the witnesses, and the weight to be given their testimony. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958).

Concerning the no evidence points, the Court of Civil Appeals cannot disregard the findings of a jury where there is some evidence in the record to support such findings. Singer v. Singer, 150 Tex. 115, 237 S.W.2d 600 (1951); Garza v. Anderson, 417 S.W.2d 368 (Tex. Civ.App., Corpus Christi, 1967, n. w. h.). Viewed in the light most favorable in support of the jury's answer to special issue 18, the evidence shows that Mrs. Carr stopped her automobile in the highway at an uncontrolled intersection, without giving a signal to stop until ten to fifteen feet before she did stop. Following the guideline announced in Texas & Pacific Railway Company v. McCleery, 418 S.W.2d 494 (Tex.Sup.1967), we hold that there was ample evidence to support the jury's answer to special issue 18, wherein it found that Mrs. Carr failed to give such a signal to stop as a person using ordinary care would have given. Appellants' third point (no evidence) is overruled.

When two vehicles, one following the other in the same lane of traffic, approach an uncontrolled intersection, the driver of the lead vehicle may continue driving straight ahead, or may make a turn into the intersecting street, or in case of a left turn may stop in his then occupied lane of traffic to allow approaching traffic to clear the intersection before executing a

left turn. However, the driver of the lead vehicle is under no obligation to choose any particular one of alternatives open to him. The following driver has no way of knowing or anticipating what the lead driver will do upon approaching such an intersection. In such case where the driver of the lead vehicle intends to make a left turn or to stop to allow approaching traffic to clear the intersection before proceeding to make the left turn, he does have a common law duty to exercise ordinary care in signaling his intention to turn left or to stop. Jones v. Downey, 359 S.W.2d 116 (Tex.Civ.App., San Antonio 1962, wr. ref. n. r. e.); Wright v. Mack Motor Trust Corporation, 336 S.W.2d 831 (Tex. Civ.App., Houston 1960, n. w. h.); Le Sage v. Smith, 145 S.W.2d 308 (Tex.Civ. App., Ft. Worth, 1940 wr. dism'd). We have already set out in narrative form the testimony of Mrs. Carr, Mr. Gregory and Mrs. Gregory concerning the evidentiary points of error asserted by appellants. No useful purpose can be gained by a further discussion of the evidence. There is substantial evidence of probative value in the record to support the finding made by the jury in answer to special issue 18. The jury was entitled to believe and to find that Mrs. Carr did not give such a signal as a person using ordinary care would have given. We, therefore, hold that the jury's answer to special issue 18 was not against the great weight and preponderance of the evidence as to be manifestly unjust and that the evidence is factually sufficient to support the finding. Appellants' fourth and fifth points are overruled.

We have carefully considered the authorities cited by appellants in their brief in support of their contention that Mrs. Carr owed no legal duty to appellee to signal her intention to stop in the manner submitted. The cases, for the most part, deal with controlled intersections, either by a stop sign or traffic signal light. They are factually different from the case at bar and are distinguishable on that basis.

The trial court entered a correct judgment in this case. Reversible error is not shown by the record. Accordingly, the judgment of the trial court is affirmed.

SHARPE, J., not participating.