**John W. HOOVER, Appellant,**

v.

**J. G. BARKER and Glenn F. Barker, d/b/a Barker Paint Store, Appellees.**

**No. 12107.**

Court of Civil Appeals of Texas, Austin.

Feb. 20, 1974.

Rehearing Denied March 27, 1974.

Billie J. Pratt, Taylor & Pratt, Burnet, for appellant.

J. J. Byrne, Charles W. Lynch, Lynch, Nored, Martin & Millican, Lampasas, for appellee.

SHANNON, Justice.

This is an appeal from the judgment of the district court of Lampasas County and involves a suit on an account. Previously, this Court affirmed an order of that court overruling appellant's plea of privilege to be sued in Burnet County. Hoover v. Barker et al., 476 S.W.2d 126 (Tex.Civ.App. 1972, writ dism'd).

Appellees, J. G. Barker and Glenn F. Barker, filed suit to recover for labor and materials furnished C.T.C., Inc., in connection with the construction of a number of houses in Lampasas. Appellees sued Kenneth L. Tucker, C.T.C., Inc., Lampasas County Abstract Company, Clyde C. Castleberry, John W. Hoover, individually and as president of Hoover Builders and Supply Company, Inc.

Upon trial to a jury, judgment was entered on April 5, 1973. The judgment pro-

vided, among other things, that appellees recover $2,533.59 from John W. Hoover individually and "as president of Hoover Builders and Supply Company, Inc." Of the defendants only John W. Hoover perfected an appeal from that judgment. We will reform the judgment, and as reformed, we will affirm that judgment.

Appellant Hoover attacks the judgment by a great shoal of points, thirty-one in number. No attempt will be made to discuss the points in the order of appearance in appellant's brief.

Although appellant did not file a motion to dismiss for want of jurisdiction, appellant did raise by a number of points the matter of the finality of the judgment of April 5, 1973.

■■ An appeal can be prosecuted only from a final judgment. It is said that, to be final, a judgment must dispose of all issues and parties. North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.1966), Stalco, Inc. v. Zero Refrigerated Lines, Inc., 390 S.W.2d 476 (Tex. Civ.App.1965, writ ref'd).

■ An examination of the record shows that all of the parties and issues were not disposed of in the judgment of April 5, 1973. The judgment disposed of appellees' claim against "John W. Hoover, individually and John W. Hoover as president of Hoover Builders and Supply Company, Inc.," Clyde C. Castleberry, and Lampasas County Abstract Company, Inc. No disposition was made of appellees' claim against C.T.C., Inc. or Kenneth L. Tucker. The transcript does not show that C.T.C., Inc. was ever served or that it answered. Under those circumstances the case stands as if there had been a discontinuance as to C.T.C., Inc. The Youngstown Sheet and Tube Co. v. Penn., 363 S.W.2d 230 (Tex.1963). However, Kenneth L. Tucker was served, and though he filed no answer, he was present at the trial, but without benefit of counsel.

In addition, the judgment did not dispose of a "cross-claim" filed on January 4, 1973, by John W. Hoover against Clyde C. Castleberry, Kenneth L. Tucker, C.T.C., Inc., and Lampasas County Abstract Company, Inc., and a "cross action and third party complaint" likewise filed by Hoover against Charles W. Lynch and Lampasas Insurance, Inc. The cross pleadings introduced Lampasas Insurance, Inc. for the first time to the controversy. In response to those cross pleadings, Castleberry, Lampasas County Abstract Company, Lynch, and Lampasas Insurance, Inc. filed pleas in abatement and answers.

At trial time the court expressly refused to permit the causes asserted in the cross pleadings to be tried with appellees' case. However, an investigation of the transcript does not show that an order of severance was ever entered serving the causes asserted in the cross pleadings from appellees' case, nor does the transcript show order for a separate trial of those causes.

In North East Independent School District v. Aldridge, *supra,* the Supreme Court, after analyzing many prior opinions, announced a comprehensive rule for determining whether a judgment is final for purposes of appeal. That court said:

"Analysis of the decisions we have discussed is sufficient to lead us to the statement of a rule for determining, in most instances, whether judgments in which parties and issues made by the pleadings are not disposed of in express language are, nevertheless, final for appeal purposes. When a judgment, not intrinsically interlocutory in character, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rules of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties. A claim duly severed under Rule 41 is a 'case' within the

meaning of the foregoing rule. The rule will be subject to the exception created by Davis v. McCray Refrigerator Sales Corporation [136 Tex. 296, 150 S.W.2d 377]; but it will apply to separate claims of the plaintiff, cross-actions and counterclaims by defendants against the plaintiff, cross-actions by defendants against other defendants and cross-actions by defendants against third-party defendants. Of course, the problem can be eliminated entirely by a careful drafting of judgments to conform to the pleadings or by inclusion in judgments of a simple statement that all relief not expressly granted is denied."

■ We have concluded that the judgment is final for purposes of appeal under the rationale of North East Independent School District v. Aldridge, *supra*.

Prior to trial appellant filed a pleading termed "Plea For Dismissal or in the Alternative For Abatement" in which he claimed that the pleadings showed that appellees' claim was "solely against the defendant, C.T.C., Inc." In support of the plea and attached to Hoover's pleading was a copy of a certificate from the Comptroller of Public Accounts which certified that C.T.C., Inc. forfeited its right to do business on August 25, 1969, for failure to comply with its franchise tax. The trial court overruled the plea.

A perusal of appellees' first amended original petition to which appellant's plea refers shows that appellees alleged more than that claimed in appellant's plea and, in addition, shows that appellees pleaded that appellant purchased the assets of C.T. C., Inc., and assumed its indebtedness.

■ Appellant claims somehow to derive a benefit from the rule that a corporation, whose right to do business has been for-feited, may not sue or defend any suit in any court in the state. Tex.Tax.-Gen. Ann. Art. 12.14, V.A.T.S. We are unable to perceive that appellant is availed by the disability of C.T.C., Inc. to sue or defend a suit. Appellees pleaded, and had a right to attempt to prove at the time of the trial on the merits, that appellant had assumed the indebtedness of C.T.C., Inc. The disability of C.T.C., Inc. to defend does not bar a creditor of the corporation from suing its assignee which had purchased its assets and assumed its liabilities. The trial court did not err in denying appellant's plea.

■ Appellant's third point concerns Texas Rules of Civil Procedure, rule 143 [1] which provides that the plaintiff may be ruled for costs. Pursuant to motion, the court entered an order on February 21, 1973, ruling appellees for costs. On March 19, 1973, appellees filed a bond payable to the district clerk for costs. By his point appellant complains that appellees' cause should have been dismissed since appellees did not comply with the rule for costs within twenty days after its entry. Appellant's point is without merit as it has long been the view that security for costs may be given at any time before the cause is dismissed. Cook v. Beasley, 1 Tex. 591 (1846), Hays v. Cage, 2 Tex. 501 (1847).

■ Prior to trial, appellant filed a motion for summary judgment. By his fourth point of error appellant complains of the denial of that motion. There was no error because an order overruling a motion for summary judgment is not subject to review on appeal. Ackermann v. Vordenbaum, 403 S.W.2d 362 (Tex.1966).

Appellant complains that appellees and one of the defendants, Clyde Castleberry, were each permitted six peremptory jury challenges. Appellant claims further, and outside the record, that since counsel for

---

1. Tex.R.Civ.P. 143 provides: "A party seeking affirmative relief may be ruled to give security for costs at any time before final judgment, upon motion of any party, or any officer of the court interested in the costs accruing in such suit, or by the court upon its own motion. If such rule be entered against any party and he failed to comply therewith on or before twenty (20) days after notice that such rule has been entered, the claim for affirmative relief of such party shall be dismissed."

those parties sat beside one another and since neither counsel struck the same juror, that counsel must have conferred in making strikes. There was no error in allowing Castleberry six peremptory challenges.

■■■ Whether two or more parties are entitled to six jury strikes depends on whether they have interests that are, at least in part, antagonistic on one or more fact issues. Tex.R.Civ.P. 233, Brown & Root, Inc. v. Gragg, 444 S.W.2d 656 (Tex. Civ.App.1969, writ ref'd n.r.e.). Castleberry was one of several defendants which appellees sued to recover for labor and materials furnished. The trial court was not in a position at the time of the selection of the jury to determine outside the pleadings whether appellees and Castleberry were antagonistic on any fact issue. Assuming, without deciding, that counsel for appellees and Castleberry collaborated in striking their jury list, the rule is that parties, which are entitled to separate strikes, may confer in making them. Parker v. Traders & General Insurance Co., 366 S.W.2d 107 (Tex.Civ.App.1963), 375 S.W.2d 714 (Tex.1964), Brown & Root, Inc. v. Gragg, *supra*.

■■■ Appellant filed fourteen special exceptions to appellees' trial petition. The court sustained two exceptions and denied twelve, of which determination appellant complains by two points of error. The thrust of the special exceptions denied by the trial court was that the petition was not sufficiently specific to place appellant on notice of appellees' claim so that he might prepare his defenses.

In his effort to demonstrate that the court erred in failing to require appellees to replead supplying more notice, appellant "bethumps"[2] this Court with words, in themselves, somewhat lacking in specificality:

"Appellant shows the court that appellees (sic) pleadings are excessive, gener-al, uncertain, indefinite, ambiguous, or unintelligible in parts, thus having to give fair notice to appellants and part of the allegations are surplusage, .evidentuary (sic), argumentative, impertinent, irrelevant, immaterial, frivolous, or are improperly framed to prejudice the defendant before the jury and the regard of confusing the jury as to appellant being the president of a corporation, and such corporation being Hoover Builders and Supply, Inc., and that the trial court should have sustained such exceptions."

We have inspected appellees' trial petition and appellant's special exceptions, and are of the opinion that the trial court did not err in overruling them.

Prior to trial appellant moved that Judge Donald Busby disqualify himself for the reason that Judge Busby had ruled "consistently against" him, and that possibly because appellant and his counsel were not residents of Lampasas County " . . . there may be an impartiality (sic) as to such facts." The refusal of Judge Busby to disqualify is the foundation for appellant's ninth point of error.

■■■ We construe the appellant's motion to disqualify to be grounded upon an alleged bias of Judge Busby toward appellant and his counsel. No evidence was offered in support of appellant's motion. Assuming the existence of evidence of bias for .purposes of this point only, we will overrule appellant's point for the reason that bias is not a legal ground for disqualification. Vernon's Ann.St.Tex.Const. Art. V, § 11, Vernon's Tex.Civ.Stat.Ann. Art. 15, Quarles v. Smith, 379 S.W.2d 91 (Tex. Civ.App.1964, writ ref'd n.r.e.).

Appellant's points of error eleven and seventeen complain that the court should not have submitted certain special issues since those issues were not supported by

---

2. "Zounds! I was never so bethump'd with words

Since I first call'd my brother's father dad."
Shakespeare, *King John*, Act I, i, 466.

any evidence. Point of error eighteen complains that appellant is entitled to a new trial "as a matter of law" because the answers of the jury to certain special issues are against the overwhelming weight and preponderance of the evidence.

The grounds in the amended motion for new trial upon which points eleven and seventeen are based read as follows: "The Court erred in submitting Issues No. 3, 4, 6, 9, 9A, 10, 11, 12, 13, 14, 15, 16, 17, and 18, because there is no evidence to support the submission of such issues," and "The answers of the jury to Special Issues No. 3, 4, 6, 9, 9A, 10, 11, 12, 13, 14, 15, 16, 17 and 18 are not supported by any evidence, and the court erred in submitting the same." The ground in the amended motion for new trial upon which point of error eighteen is predicated is as follows: "The answers of the jury to Special Issues No. 2, 4, 6, 9, 9A, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20, and each of them, are against the overwhelming weight and preponderance of the evidence, and the court erred in submitting the same."

The grounds in the amended motion for new trial upon which these points of error are predicated are stated too generally to point out any specific error to the Court and do not comply with Tex.R.Civ.P. 321, 322, and 374. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359, 368 (1957), Bauguss v. Bauguss, 186 S.W. 2d 384 (Tex.Civ.App. 1945, writ ref'd w. o. m.), State Bar of Texas, Appellate Procedure in Texas § 8.11 [2] [6].

Even though we entertain the view that the grounds in appellant's amended motion for new trial are too general and are in contravention of Tex.R. Civ.P. 321, 322, and 374, we have carefully examined the statement of facts with reference to those points of error. It would unduly lengthen this opinion to identify the many special issues and those answers

which appellant finds objectionable. We are satisfied that the answers of the jury that C.T.C., Inc. initially owed appellees the sum of $2,533.59 and that John W. Hoover individually and as president of Hoover Builders and Supply, Inc. assumed for a consideration the indebtedness of C. T.C., Inc., are supported by some evidence, and that those answers are not so contrary to the great weight and preponderance of the evidence so as to be clearly wrong.

Point of error twelve[3] does not comply with Tex.R.Civ.P. 418 as it does not inform this Court of the questions raised and discussed in the brief. Mc-Williams v. Muse, 157 Tex. 109, 300 S.W. 2d 643 (1957), Crutchfield v. Associates Investment Company, 376 S.W.2d 957 (Tex.Civ.App.1964, writ ref'd). An examination of the transcript shows that appellant tendered fifty-four requested special issues *en masse,* all of which were refused by the trial court. When issues are tendered in such manner, the trial court is not required to search through the tendered issues and submit those which are proper and refuse those which are improper. Edwards v. Gifford, 137 Tex. 559, 155 S.W. 2d 786 (1941), Metal Structures Corp. v. Plains Textiles, Inc., 470 S.W.2d 93 (Tex. Civ.App.1971, writ ref'd n. r. e.), Hodges, Special Issue Submission in Texas, Section 58, p. 148 (1959, with 1969 Sup.). Moreover, in his discussion in his brief appellant makes no effort by argument or by listing authority to show how any one, or all, of the issues were germane to his defensive theory, and, as a result, appellant has waived the point. Patino v. Texas Employers Insurance Association, 491 S. W.2d 754 (Tex.Civ.App.1973, writ ref'd n. r. e.).

Appellant claims by point of error thirteen that ". . . that court erred, as a matter of law, in making a double submission of appellee's (sic) case." Like-

---

3. Point of error twelve reads: "Appellant is entitled to a new trial in this case because the court, as a matter of law, erred in failing to properly submit appellants (sic) case and the special issues as requested by appellant."

wise, this point does not comply with Rule 418, since it does not inform the Court of the question raised and to be discussed. *Crutchfield v. Associates Investment Company, supra.* The ground of error in the amended motion for new trial said to support this point of error reads: "The court erred in making a double submission of plaintiffs (sic) case." The ground of error is too general to justify consideration of appellant's point on appeal, and it does not comply with Tex.R.Civ.P. 322 and 374. *Carr v. Gregory*, 472 S.W.2d 819 (Tex. Civ.App.1971, no writ). Moreover, upon investigation of the portion of the brief purporting to discuss the point, it is seen that no attempt was there made to identify the special issues which appellant claims to constitute a double submission.

 Point of error number thirty complains that the court erred ". . . in duplicitously submitting those special issues no. 3, 9, 15 and 17, being the same issues in four different forms." A reading of the objections to the charge shows that counsel objected only to special issue number three in terms even closely approximating this point of error. As there was no objection to special issues, nine, fifteen and seventeen as being "duplicitous," appellant's point of error is waived. Tex.R. Civ.P. 272.

 Point of error twenty-three states that the court erred in entering judgment in favor of appellees ". . . because the evidence does not show that said amount was owed to appellees and appellant is entitled to a new trial." As appellant does not support this point with argument or authority, this Court will consider that point waived. *Austin Lake Estates Recreation Club, Inc. et al. v. Gilliam et al.*, 493 S.W.2d 343 (Tex.Civ.App.1973, writ ref'd n. r. e.).

 According to appellant, the jury, during the course of their deliberations, directed a written inquiry to the court, and that the court answered the question. Appellant claims that the answer of the court

constituted a "comment on the weight of the evidence." Counsel does not show by any reference in the record wherein the question of the jury or the answer of the court is to be found, and we have been unable to discover either the question or the answer. As this Court may not take cognizance of any purported act by the trial court not disclosed by the record, appellant's point will be overruled. *Gowan v. Reimers*, 220 S.W.2d 331 (Tex.Civ.App. 1949, writ ref'd n. r. e.).

 Points of error nineteen and twenty-seven allude to the claimed error of the court in overruling appellant's motion for mistrial filed long after judgment was entered. The primary subject matter of the motion for mistrial was alleged improper jury argument of counsel for one of the parties. These points have no merit for the reason that it was incumbent upon counsel to make timely objection to the allegedly improper argument, obtain a ruling, and move for an instruction for the jury to disregard the objectionable argument. See *Younger Brothers, Inc. v. Myers*, 159 Tex. 585, 324 S.W.2d 546 (1959). In the event that the court failed to sustain the objection, then it was necessary for counsel at that time to move for mistrial. By waiting until after the jury had returned its verdict, appellant waived any right of mistrial which he may have had. *Ford v. Carpenter*, 147 Tex. 447, 216 S.W.2d 558 (1949), *Dimmit v. Dimmit*, 263 S.W.2d 648 (Tex. Civ.App.1954, writ dism'd), *Kittrell v. State*, 382 S.W.2d 273 (Tex.Civ.App.1964, writ ref'd n. r. e.).

 Special issue number seven inquired as to whether ". . . all of the assets of the corporation, C.T.C., Inc., were transferred to John W. Hoover, individually, and as president of Hoover Builders and Supply, Inc.?" In response to that issue the jury answered, "No." In point of error twenty-two appellant claims that ". . . the answer to special issue No. 7 is a finding in favor of appellant and, as a matter of law, prevents appellant from being liable for such full amount

claimed and appellant is entitled to a new trial."

As previously stated, appellees had alleged that Hoover had purchased the assets of C.T.C., Inc. and had agreed to assume its indebtedness. A reading of the court's charge and the jury's answers shows that the answer to special issue number seven, though seemingly in conflict with appellees' theory of recovery, is immaterial in view of the jury's other answers. The jury answered, among other things, that appellees were due to be paid $2,533.59, together with interest, and though C.T.C., Inc. initially incurred that obligation, John W. Hoover and John W. Hoover as president of Hoover Builders and Supply, Inc. assumed all the indebtedness owed by C.T.C., Inc., and that Hoover received consideration for the assumption of that indebtedness.

The jury also answered that Hoover, individually and as president of Hoover Builders and Supply, Inc., agreed to pay for the labor and materials furnished by appellees in the sum of $2,533.59.

The allowance of attorneys' fees to appellees is the subject of point of error twenty-six. By the terms of the judgment appellees Barker were awarded $1,013.43 for attorneys' fees. With respect to the allowance of attorneys' fees to appellees, appellant claims that appellees never pleaded for recovery of those fees. In that contention appellant is mistaken in that a scrutiny of appellees' first amended original petition shows that appellees did seek recovery for attorneys' fees.

 Appellant says further that since his liability is grounded ". . . solely on the allegations of appellee that appellant assumed the debts of C.T.C., Inc.," attorneys' fees are not recoverable. Attorneys' fees are not allowed under Tex.R.Civ.Stat. Ann. Art. 2226 in a suit by the seller of merchandise against his purchaser's assignee. Rio Refrigeration Company v. Thermal Supply of Harlingen, 368 S.W.2d 128 (Tex.Civ.App.1963, no writ).

All other points of error have been considered, and having been found lacking in merit, are overruled.

The judgment will be reformd to provide that the appellees recover nothing for attorneys' fees. In all other respects, the judgment is affirmed.

Reformed, and as reformed, affirmed.